### MacDONALD v. NATIONAL ART CO.

(Supreme Court, Appellate Term. November 11, 1910.)

1. MALICIOUS PROSECUTION (§ 34*)—PREREQUISITES.

An action for malicious prosecution must be based on a judicial proceeding, which must have terminated in plaintiff's favor.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 70; Dec. Dig. § 34.*]

2. MALICIOUS PROSECUTION (§ 7*)—PREREQUISITES—JUDICIAL PROCEEDING—ARREST WITHOUT WARRANT—VALIDITY.

The arrest of a person without a warrant is authorized by Code Cr. Proc. § 177, providing that a police officer may, without a warrant, arrest a person (1) for a crime committed in his presence, or (2) when the accused has committed a felony, although not in his presence, or (3)

when a felony has in fact been committed and he has reasonable cause for believing the person to be arrested to have committed it, so that the proceedings following the arrest may be "judicial," so as to support an action for malicious prosecution.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 7–10; Dec. Dig. § 7.*]

3. MALICIOUS PROSECUTION (§ 7*)—PREREQUISITES—"JUDICIAL PROCEEDING."
   An information laid before a magistrate whether before or after arrest, places before him for judicial action the question whether he is authorized to issue judicial process thereon; and, though he holds it insufficient, a "judicial proceeding" is had, on which accused, after discharge, may base an action for malicious prosecution.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 7–10; Dec. Dig. § 7.*

For other definitions, see Words and Phrases, vol. 4, pp. 3864–3866.]

Appeal from City Court of New York, Trial Term.

Action by Thomas MacDonald against the National Art Company. From a judgment dismissing the complaint, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Katz & Sommerich (Otto C. Sommerich and Charles Trosk, of counsel), for appellant.

Gould & Wilkie (Arthur F. Gotthold and George J. Thomson, of counsel), for respondent.

BIJUR, J. This action was brought to recover damages for malicious prosecution. The defendant, charging plaintiff with having stolen a picture worth $50, caused his arrest by a police officer and his arraignment before a magistrate. The officer made what is commonly called a "short affidavit," whereupon plaintiff was held in bail for examination, and after one or two adjournments was discharged. At the several hearings before the magistrate the officers of the defendant were present as witnesses or otherwise and pressed the charge.

On the trial of this action in the court below, plaintiff offered and endeavored to prove what transpired at the hearings before the magistrate; but all this evidence was excluded on defendant's motion. The general ground of its exclusion is not very clear, but seems to have been that the various occurrences recited did not amount to a "judicial proceeding," which, as well as its termination in favor of the plaintiff, is a prerequisite to an action for malicious prosecution. The learned trial judge said that there could have been no judicial proceeding before a magistrate unless a warrant had issued. This, however, is an entirely erroneous impression. The plaintiff was arrested without a warrant by an officer, and duly arraigned before a magistrate, as authorized by section 177 of the Code of Criminal Procedure. Section 188 prescribes the further proceedings, and distinctly provides for the case of an arrest without a warrant. People ex rel. Farley v. Crane, 94 App. Div. 397, 88 N. Y. Supp. 343. See, also, People ex rel. Ostlund v. Warden, 125 N. Y. Supp. 707.

Apparently, also, the court below thought that, because the so-called "short affidavit" would have been insufficient to warrant the holding

of. the prisoner for trial, the magistrate. lacked all jurisdiction, and that the further happenings therefore did not constitute a "judicial proceeding." Reference is made by respondent, in this connection, to the case of Barry v. Third Avenue Railroad Co., 51 App. Div. 385, 64 N. Y. Supp. 615. But in that. case, the plaintiff having been arrested, on the. complaint of a conductor employed by the defendant, no further proceedings of any kind were. taken. No. one even appeared on behalf of the defendant before the magistrate to make or attempt to make any complaint. The. appellate court very aptly said that there must be "some sort of a. judicial proceeding" upon which to predicate an action for malicious prosecution. This is far from holding, however, that the written information charging the prisoner with a crime must be complete and legally sufficient before the. transaction before a magistrate can be regarded as a judicial proceeding.

It is true that many of the decisions speak of. the magistrate's "lack of jurisdiction" in a case where the information is totally insufficient; but it is lack of jurisdiction to issue a warrant or make a commitment, as the case may be, and the language of the opinions generally so expresses it. People v. Cramer, 22 App. Div. 189, 47 N. Y. Supp. 1039; Blodgett v.. Race, 18 Hun, 132. When an. information is lodged before a magistrate, either before. or. after an. arrest, it is evident that there is presented to him for judicial action, and thus placed within his jurisdiction, the very question whether the information authorizes the. issuance. of judicial process. Newfield v. Copperman, 15 Abb. Prac. (N. S.) 360. This and more was done. in the case at bar, and it surely constituted, at the very least, "some sort of. a judicial proceeding." Plaintiff should have been permitted to prove all the relevant facts in regard to it.

In the case at bar, too, there is another element, which, however, in view of my conclusions above, need not necessarily be considered, namely, that, even though the information or "short affidavit" prepared by. the police officer at the instance. of the defendant were wholly insufficient, nevertheless the present plaintiff appears to have voluntarily submitted himself to the jurisdiction of the. magistrate, and. was discharged as a result of the defendant's inability to. prove the charge. Jones v. Foster, 43 App. Div. 33, 59 N. Y. Supp. 738.

As due exception was taken to the rulings of the court below, the judgment and order appealed from are reversed, and a new trial granted, with costs to appellant to abide the event. All concur.