SAM FRANCISCO, Plaintiff, *v.* LITTLE FALLS DAIRY COMPANY, INC., Defendant.

Supreme Court, Herkimer County, October 27, 1936.

*James H. Greene*, for the plaintiff.

*Blumberg & Conley*, for the defendant.

Dowling, J.   On May 26, 1936, E. H. Sheldon appeared before Mr. John J. Donovan, recorder of the city of Little Falls, N. Y., and lodged the following information against the above plaintiff:

" Information General.

" State of New York
County of Herkimer   ss.
City of Little Falls.

" To John J. Donovan, Recorder of the City of Little Falls, N. Y.: E. H. Sheldon, Manager, Little Falls Dairy Co., Inc., upon information and belief being duly sworn, deposes and says that he resides in Little Falls; that one Sam Francisco at the City of Little Falls in the County of Herkimer, aforesaid, did on the 26th day of May, 1936, about 7:15 A. M. wrongfully, unlawfully and wilfully, commit the crime of violation of Section 70 of the Agriculture & Markets Law of the State of New York, in that he did then, and there, without the consent of the owner, Little Falls Dairy Co., Inc., use bottles of the said company for milk and did sell milk in the bottles or did display them for sale with the caps of Francisco.

" *Wherefore* complainant prays that legal process may be issued and that the said Sam Francisco be apprehended and held to answer said complaint and be dealt with according to law.

"Dated at the City of Little Falls, in the County of Herkimer, this 26th day of May, 1936.

"E. H. SHELDON.

"Taken, subscribed and sworn to before me this 26th day of May, 1936.

"JOHN J. DONOVAN,
"*Recorder of the City of Little Falls, N. Y.*"

Upon this information Judge DONOVAN issued the following warrant:

"CRIMINAL WARRANT.

"COUNTY OF HERKIMER,⎫ss.
City of Little Falls. ⎭

"*In the Name of The People of the State of New York.*

"To any Peace Officer of the County of Herkimer: Information upon oath having been this day laid before me that the crime of Violation section 70 of the Agriculture & Markets Law of the State of New York, using milk bottles without consent of the owner Little Falls Dairy Company, Inc., Little Falls, N. Y., has been committed; and accusing Sam Francisco, Town of Little Falls, N. Y., thereof.

"You are therefore Commanded forthwith to arrest the above named Sam Francisco and bring him before me at the Recorder's office, in the City of Little Falls, in said County, or in case of my absence, or inability to act, then before the nearest or most accessible magistrate in said County.

"Dated at said City this 26th
day of May, 1936.

"JOHN J. DONOVAN,
"*Recorder of the City of Little Falls, N. Y.*"

Pursuant to this warrant, plaintiff was arrested and brought before said recorder. Presumably the charge was read to him and he was informed of his rights. Without objection to jurisdiction of the court or to the sufficiency of the information, plaintiff pleaded guilty and was fined fifty dollars, which he promptly paid. Whereupon the plaintiff appealed from the judgment of conviction to the County Court of Herkimer county. The appeal was heard before the county judge of said county, who rendered a decision thereon reversing said judgment and ordering the fine remitted to the plaintiff. The court handed down the following memorandum of decision:

"I believe the information is insufficient, being made upon information and belief and without stating the source of the infor-

mation or grounds of deponent's belief. Furthermore, it is defective in that it fails to state a crime.

"To constitute a violation of Section 70 of the Agriculture and Markets Law, the bottles used without permission of owner must have the name or initials of owner stamped, marked or fastened on such bottles. This is the essential element of the crime. The fact that the bottles in question were so stamped or marked, does not appear from the information.

"A plea of guilty does not waive jurisdictional defects. *People* v. *Williams*, 135 Misc. 564.

"The judgment is reversed and fine remitted."

On August 26, 1936, plaintiff instituted this action against the defendant charging the defendant with malicious prosecution and false imprisonment. In the complaint plaintiff alleges in paragraph 6: "That in all his actions as aforesaid, the said E. H. Sheldon was acting as the agent, Superintendent and servant of the defendant, and within the scope of his employment as such."

By stipulation of the parties, the information and warrant of arrest are made a part of the complaint.

Defendant now moves (before answering) for an order dismissing the complaint for failure to state a cause of action either for malicious prosecution or for false imprisonment, or, in the alternative, that plaintiff be compelled to separately state and number said alleged causes of action.

Plaintiff opposes the motion except he admits that the alleged causes of action should be separately stated and numbered.

Plaintiff concedes the recorder had jurisdiction of the subject-matter of the action, to wit, violation of section 70 of the Agriculture and Markets Law, which is made a misdemeanor by section 41 of article 3 of said law.

By pleading guilty plaintiff waived any defects in the information and by so doing gave the court jurisdiction of his person. Thus the court had jurisdiction both of the subject-matter of the charge and of the person of the plaintiff. This is all that was required for the court to legally render judgment of conviction. A defendant in a criminal case may waive any defects in the information or indictment charging him with the commission of a crime but he cannot waive the jurisdiction of the court. In other words, if the recorder had no jurisdiction of the crime charged, or attempted to be charged, in the information, the plaintiff could not confer such jurisdiction upon him by a plea of guilty. (*People* v. *Carter*, 88 Hun, 304, 306, 307; *Jones* v. *Foster*, 43 App. Div. 33, 37; *Pierson* v. *People*, 79 N. Y. 424, 429; *People* v. *Gowasky*, 244 id. 451, 463; *People ex rel. Battista* v. *Christian*, 249 id. 314, 318; *People* v. *Earing*, 71 Misc.

615, 619.) If plaintiff had appeared specially and objected to the sufficiency of the information, the decision of the County Court would be on ground more solid so far as it relates to the question of jurisdiction.

The plea of guilty before the recorder is *prima facie* evidence of probable cause for the prosecution of the plaintiff. (*Hopkinson* v. *Lehigh Valley R. R. Co.*, 249 N. Y. 296, 300.)

The complaint fails to meet this *prima facie* evidence of probable cause by showing that the defendant did not make a full and complete statement of the facts to the magistrate or that it misrepresented or falsified the evidence or kept back information or facts which might have affected the result. It thus fails to state a cause of action for malicious prosecution. (*Hopkinson* v. *Lehigh Valley R. R. Co.*, 249 N. Y. 296, 300; *Graham* v. *Buffalo General Laundries Corp.*, 261 id. 165, 167.)

" The marked difference between an action for malicious prosecution and one for false imprisonment is pointed out in *Graves* v. *Rudman* (235 App. Div. 380). A necessary element of the former is the fact that a judicial proceeding has been commenced and prosecuted maliciously and without probable cause, while the gist of the latter is an unlawful detention. (*Brown* v. *Chadsey*, 39 Barb. 253.) " (*Al Raschid* v. *News Syndicate Co., Inc.*, 239 App. Div. 289, 291.) " Any imprisonment which is not legally justifiable is a false imprisonment and subjects him who is responsible therefor, whether as principal or as agent, to an action in tort for damages." (*Vernes* v. *Phillips*, 266 N. Y. 298, 300.)

Motion to dismiss the complaint so far as it attempts to allege a cause of action for malicious prosecution is granted with the right to plaintiff to serve an amended complaint upon payment of ten dollars costs of motion. If plaintiff elects to serve an amended complaint, he must separately state and number his causes of action, if more than one is alleged therein. Motion to dismiss complaint so far as it attempts to plead an action for false imprisonment is denied in view of the decision of the learned county judge reversing the judgment of conviction.

Enter order accordingly.