RAYMOND E. GLEICHAUF, Respondent, v. JOHN DONOHO and Others, Carrying on Business under the Firm Name and Style of DONOHO, MOORE & Co., Appellants. — Order modified and as modified affirmed, without costs on this appeal to either party. All concur. (The order grants motion for examination and inspection of books and papers in an action to recover for services performed.) Present — Sears, P. J., Edgcomb, Crosby, Lewis and Cunningham, JJ.

SAM FRANCISCO, Respondent, Appellant, v. LITTLE FALLS DAIRY COMPANY, INCORPORATED, Appellant, Respondent.— Order modified by striking out the complaint and permitting plaintiff, within ten days after service of this order, to serve an amended complaint, in which, if causes of action for both malicious prosecution and false arrest are alleged, they shall be separately stated and numbered, and as modified affirmed, without costs. Memorandum: We concur in the decision of the Special Term that a cause of action for false arrest is alleged in the complaint, and that a cause of action for malicious prosecution is not alleged; but we find that the facts supporting the two causes of action are so interwoven that some allegations relate to both causes, so that striking them out of one cause would deprive the other cause of the benefit of them and that the best result will be reached by an entirely new complaint. All concur. (The order denies motion to dismiss cause of action on alleged malicious prosecution but denies motion to dismiss cause of action based on false imprisonment.) Present — Sears, P. J., Edgcomb, Crosby, Lewis and Cunningham, JJ.

BEULAH T. CRADDOCK, Respondent, v. FRED H. GORDON, JR., and Others, Appellants, Impleaded with F. LEE CRADDOCK, Defendant.— Order reversed in so far as it relates to the second cause of action, otherwise affirmed; and motion granted in so far as it relates to the second cause of action to require the plaintiff to separately state and number her alleged cause of action based upon the ownership of preferred stock and her alleged cause of action based upon the ownership of common stock, without costs. All concur. (The order denies motion to compel plaintiff to separately state and number her causes of action in an action to cancel an agreement concerning corporate stock.) Present — Sears, P. J., Edgcomb, Crosby, Lewis and Cunningham, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DANIEL SANSANESE and ANGELO POLIZZI, Appellants.— Judgment of conviction affirmed. All concur. (The judgment convicts defendants of the crime of robbery, first degree.) Present — Sears, P. J., Edgcomb, Thompson, Lewis and Cunningham, JJ.

In the Matter of the Intermediate Judicial Settlement of the Account of ELIZABETH WAGNER and MARY AXTMANN, Committee of JACOB KAPP or KOPP, an Incompetent.— Order so far as appealed from affirmed, with ten dollars costs and disbursements. All concur. (The order adjudges that mortgage investments made by the committee comply with the law in a proceeding for accounting by a committee for an incompetent veteran.) Present — Sears, P. J., Edgcomb, Thompson, Lewis and Cunningham, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM F. SCHULTZ, Appellant, v. WILLIAM HUNT, as Warden of Attica Prison, Respondent.— Order affirmed, without costs. All concur. (The order dismisses a writ of habeas corpus and remands relator to custody.) Present — Sears, P. J., Edgcomb, Thompson, Lewis and Cunningham, JJ.