SAM FRANCISCO, Plaintiff, *v.* LITTLE FALLS DAIRY COMPANY, INC., Defendant.

Supreme Court, Herkimer County, May 12, 1937.

*James H. Greene,* for the plaintiff.

*Blumberg & Conley* [*Richard B. Conley* of counsel], for the defendant.

DOWLING, J. Plaintiff sues for damages for false arrest and malicious prosecution. Defendant heretofore moved to dismiss the complaint for failure to state facts sufficient to constitute a cause of action, and for other relief. Motion was denied as to the cause of action for false arrest and was granted as to the cause of action for malicious prosecution, with leave to serve an amended complaint (163 Misc. 165). Both parties appealed from the order entered upon said motion. The appellate court affirmed the order with slight modification to the effect that plaintiff should serve an entirely new complaint. (*Francisco* v. *Little Falls Dairy Co., Inc.,* 249 App. Div. 922.) Plaintiff has served an entirely new and amended complaint. Defendant, before answering, now moves " for an order for judgment dismissing the second cause of action [malicious prosecution], purporting to be stated in such amended

complaint, on the ground that it appears on the face thereof that the same does not state facts sufficient to constitute a cause of action; and for such other and further relief as may be just, together with the costs of this motion." The new and amended complaint charges E. H. Sheldon, manager of the defendant, appeared before JOHN J. DONOVAN, recorder of the city of Little Falls, N. Y., and lodged the following information against the plaintiff:

" INFORMATION GENERAL.

" STATE OF NEW YORK,⎫
   County of Herkimer, ⎬ss.
   City of Little Falls. ⎭

" To John J. Donovan, Recorder of the City of Little Falls, N. Y.: E. H. Sheldon, Manager, Little Falls Dairy Co., Inc., upon information and belief being duly sworn, deposes and says that he resides in Little Falls; that one Sam Francisco at the City of Little Falls in the County of Herkimer, aforesaid, did on the 26th day of May, 1936, about 7:15 A. M. wrongfully, unlawfully and wilfully, commit the crime of violation of Section 70 of the Agriculture & Markets Law of the State of New York, in that he did then, and there, without the consent of the owner, Little Falls Dairy Co., Inc., use bottles of the said company for milk and did sell milk in the bottles or did display them for sale with the caps of Francisco.

" *Wherefore* complainant prays that legal process may be issued and that the said Sam Francisco be apprehended and held to answer said complaint and be dealt with according to law.

" Dated at the City of Little Falls, in the County of Herkimer, this 26th day of May, 1936.

" E. H. SHELDON.

" Taken, subscribed and sworn to
before me this 26th day of May, 1936.
" JOHN J. DONOVAN,<br>" *Recorder of the City of Little Falls, N. Y.*"

Upon this information Judge DONOVAN issued the following warrant:

" CRIMINAL WARRANT.

" COUNTY OF HERKIMER,⎫
   City of Little Falls. ⎬ss.

*In the Name of The People of the State of New York.*

" To any Peace Officer of the County of Herkimer: Information upon oath having been this day laid before me that the crime of Violation section 70 of the Agriculture & Markets Law of the State of New York, using milk bottles without consent of the

owner Little Falls Dairy Company, Inc., Little Falls, N. Y., has been committed; and accusing Sam Francisco, Town of Little Falls, N. Y., thereof.

" You are therefore Commanded forthwith to arrest the above named Sam Francisco and bring him before me at the Recorder's office, in the City of Little Falls, in said County, or in case of my absence, or inability to act, then before the nearest or most accessible magistrate in said county.

Dated at said City this 26th
    day of May, 1936.

" JOHN J. DONOVAN,
" *Recorder of the City of Little Falls, N. Y.*"

It is further alleged that plaintiff was arrested pursuant to the warrant and arraigned before Judge DONOVAN, and that he pleaded guilty as charged in the information and warrant; that he was fined fifty dollars which he paid under duress and protest; that he appealed to the Herkimer County Court from the judgment of conviction entered against him in the Recorder's Court of the City of Little Falls; that the county judge of Herkimer county sustained his appeal in the following language:

" 1 believe the information is insufficient, being made upon information and belief and without stating the source of the information or grounds of deponent's belief. Furthermore, it is defective in that it fails to state a crime.

" To constitute a violation of Section 70 of the Agriculture and Markets Law, the bottles used without permission of owner must have the name or initials of owner stamped, marked or fastened on such bottles. This is the essential element of the crime. The fact that the bottles in question were so stamped or marked, does not appear from the information.

" A plea of guilty does not waive jurisdictional defects. *People* v. *Williams*, 135 Misc. 564.

" The judgment is reversed and fine remitted."

That upon the decision sustaining said appeal a judgment of reversal was entered directing the return to the plaintiff of the fine paid as aforesaid; that no appeal was taken from the judgment of reversal and it became final and conclusive and finally conclusively ended the criminal proceeding against the plaintiff.

In an action for malicious prosecution the burden of proof is on plaintiff to establish want of probable cause. " A malicious prosecution is one that is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure. * * * While malice is the root of the action, malice alone even when extreme, is not enough, for want of probable cause must also be

shown. Probable cause is the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of. The want of probable cause does not mean the want of any cause, but the want of any reasonable cause, such as would persuade a man of ordinary care and prudence to believe in the truth of the charge. Probable cause does not necessarily depend upon the actual guilt of the person prosecuted, but may rest upon the prosecutor's belief in his guilt when based on reasonable grounds. One may act upon what appears to be true, even if it turns out to be false, provided he believes it to be true and the appearances are sufficient to justify the belief as reasonable. Belief alone, however sincere, is not sufficient, for it must be founded on circumstances which make the belief reasonable. If probable cause exists, it is an absolute protection against an action for malicious prosecution, even when express malice is proved." (*Burt* v. *Smith*, 181 N. Y. 1, 5, 6.)

In an action for false arrest the burden is on defendant to establish probable cause for the arrest, or reasonable ground for suspicion. (*Schultz* v. *Greenwood Cemetery*, 190 N. Y. 276, 278.)

On the malicious prosecution count, plaintiff alleges in his amended complaint:

" *Ninth*. That on or about the 26th day of May, 1936, one E. H. Sheldon, a superintendent, agent and servant of the defendant, Little Falls Dairy Company, Inc. appeared before John J. Donovan, Esq., Recorder of the City of Little Falls, and subscribed and swore to a certain information, a true copy of which is annexed to this complaint, marked Exhibit A, and which is hereby referred to and made a part of this complaint as if set forth at length herein, and asked for, procured and instigated the issuance of a warrant thereon for the arrest of this plaintiff, and instigated and procured the arrest of this plaintiff upon a criminal charge, whereas in truth and in fact this plaintiff had not been guilty of any criminal act, and did not on the 26th day of May, 1936, at the City of Little Falls, without the consent of the owner, Little Falls Dairy Company, Inc., use bottles of the said company for milk and did not sell milk in the bottles and did not display them for sale with the caps of Francisco, and whereas as plaintiff is informed and believes, in truth and in fact the said E. H. Sheldon had not, and the said defendant, Little Falls Dairy Company, Inc., had not, information that this plaintiff, Sam Francisco, had done any of the things in said information set forth or had done any of the things set forth in Section 70 of the Agriculture and Markets Law of the State of New York, and whereas, as plaintiff

is informed and believes, in truth and in fact the said defendant, Little Falls Dairy Company, Inc., by its agents, servants and employees, had actual knowledge that the only person that had or was supposed to have had, any wrongful or criminal possession of its bottles on said day in the City of Little Falls, was another person other than this plaintiff, Sam Francisco, and whereas, as plaintiff is informed and believes, in truth and in fact the said E. H. Sheldon did not, and the said defendant, Little Falls Dairy Company, Inc., did not believe upon information received, in good faith or upon reasonable grounds, that this plaintiff, Sam Francisco, had done any of the things in said information set forth or had done any of the things set forth and described in Section 70 of the Agriculture and Markets Law of the State of New York, and the facts set forth in said information were not known to be true by the said E. H. Sheldon or by the defendant, and neither the said E. H. Sheldon or the defendant was informed that they were true, or believed, on information received and in good faith that they were true, and the said E. H. Sheldon did and the defendant did, wrongfully fail and omit to disclose all the facts within his and its knowledge, and did wrongfully withhold material facts known to him and to it, and did fraudulently and falsely, and without credible information or belief in good faith that the facts set forth therein were true, make and lay the aforesaid information and instigate and procure the issuance of a warrant and the arrest of this plaintiff.

" *Eleventh.* That all the proceedings had before said Recorder were, and the said judgment of conviction was, wholly void and without jurisdiction, and not erroneous merely, and the said judgment of conviction was reversed because thereof and not otherwise, and said proceedings and judgment of conviction are without legal effect and support no presumption and are supported by no intendment for any purpose whatsoever.

" *Twelfth.* That the said E. H. Sheldon did, and the defendant did, maliciously instigate, set on foot and carry on the said prosecution without probable cause, and without alleging against this plaintiff any facts constituting any crime whatsoever.

" *Thirteenth.* That in all his actions, as aforesaid, the said E. H. Sheldon was acting as the superintendent and managing, directing and controlling agent of the defendant, and within the scope of his employment as such."

Defendant maintains that assuming the truth of the above allegations, nevertheless the new and amended complaint for malicious prosecution fails to state a cause of action for the reason that the plaintiff's plea of guilty is conclusive proof of the existence

of probable cause. Plaintiff maintains that his plea of guilty related only to the facts alleged in the information and that those facts did not constitute a crime; therefore, his plea of guilty admitted no wrong on his part and has no bearing on the question of probable cause.

Whether the decision of the learned county judge was right or wrong, it ended the prosecution of the criminal proceeding. (*Schultz* v. *Greenwood Cemetery, supra,* 279.) An order void from the beginning affords no protection to a defendant sued for damages. (*Searll* v. *McCracken,* 16 How. Pr. 262; *Marks* v. *Townsend,* 97 N. Y. 590, 600; *MacDonald* v. *National Art Co.,* 69 Misc. 325.) A regular process, however, will protect a defendant even though a suit finally fails. (*Warner Co.* v. *Andrews,* 73 F. [2d] 289; *Wehle* v. *Butler,* 61 N. Y. 245; *Tiffany* v. *Lord,* 65 id. 310.)

The action of malicious prosecution was designed for the benefit of the innocent and not for the guilty. (*Newton* v. *Weaver,* 13 R. I. 616.) Actual guilt is conclusive evidence of probable cause. (*Turner* v. *Dinnegar,* 20 Hun, 465, 466.)

The recorder had jurisdiction of the subject of the alleged crime and acquired jurisdiction of the plaintiff when he appeared without objection and pleaded guilty. (Opinion on first motion.) Where a magistrate examines the facts and holds a person charged with crime, such holding is *prima facie* evidence of probable cause. (*Schultz* v. *Greenwood Cemetery, supra,* 281.)

Section 70 of the Agriculture and Markets Law provides as follows:

" § 70. Branded cans, jars, bottles, cases, boxes or barrels not to be sold, remarked or used without consent of owner. No person shall hereafter without the consent of the owner use, sell, dispose of, buy or traffic in any milk can, jar or bottle, or any cream can, jar or bottle, or any milk bottle case, or any meat case, box or barrel having the name or initials of the owner stamped, marked or fastened on such can, jar, bottle, box, barrel or case, or wilfully mar, erase or change by remarking or otherwise said name or initials of any such owner, so stamped, marked or fastened upon said can, jar, bottle, box, barrel or case. Nor shall any person without the consent of the owner place in any such can, jar or bottle, any substance or product other than milk or cream."

Violation of this section is made a misdemeanor by section 41 of the Agriculture and Markets Law.

" When facts and circumstances are undisputed, probable cause is a question of law for the court which it is error to submit to the jury." (*Halsey* v. *New York Society for Suppression of Vice,* 234 N. Y. 1, 8; *Freedman* v. *New York Society for Suppression of Vice,* 248 App. Div. 517.)

According to the new and amended complaint, plaintiff charges that, when defendant procured his arrest, it knew that a person other than he was using the bottles described in the information and with such knowledge in mind it maliciously and without probable cause undertook to prosecute and convict him; that the information it lodged with the recorder and upon which the warrant for plaintiff's arrest was procured was made on information and belief, without stating the sources thereof; that no crime was stated therein; that the recorder acquired no jurisdiction to issue the warrant and that plaintiff was illegally arrested, that he pleaded guilty to no crime as none was charged in the information and that the whole proceeding before the recorder was void and illegal and that the recorder acquired no jurisdiction of his person notwithstanding his plea of guilty; that the recorder, upon plaintiff's plea of guilty, illegally pronounced and entered judgment convicting plaintiff of said alleged crime and illegally imposed and collected a fine of fifty dollars for such alleged violation. Plaintiff further alleges, paragraph fifth:

"*Fifth.* That upon being so arrested and brought before said Recorder, and upon said information being read to him, which information in truth and in fact stated no facts constituting a crime, plaintiff did plead guilty, and by such plea of guilty admitted of record and for the purposes of the said proceeding, the doing of the acts set forth in the said information and therein characterized as constituting the crime of violating Section 70 of the Agriculture and Markets Law of the State of New York, although the doing of such acts did not constitute a violation of said section, and did not constitute any crime."

On this motion and for the purposes thereof, the above allegations, so far as they state facts, are admitted by the defendant. Assuming the allegations of fact in the complaint to be true, do they present a question of fact for a jury? Plaintiff would have us believe he knew when arraigned that the information did not charge a crime, that he pleaded guilty nevertheless, voluntarily and "under threat and duress of immediate imprisonment if he should not pay said fine, [plaintiff] did pay said fine of Fifty-Dollars then and there to said Recorder." (Complaint, ¶ 5.) It is to be noted that, under this carefully worded allegation, plaintiff does not charge that either defendant or the recorder coerced him, under threat of immediate imprisonment, into paying said fine or that either placed him under any duress by word or action.

Plaintiff alleges that the information was read to him when he was arraigned. He does not allege he did not understand its import. He knew he was charged with using defendant's bottles in violation

of section 70 of the Agriculture and Markets Law. He does not allege that he was ignorant of the provisions of said section or that its violation constituted a crime. Plaintiff is a milk dealer and of course was familiar with section 70. Section 70, in substance, provides that no person shall hereafter without the consent of the owner use any milk bottle having the name or initials of the owner stamped, marked or fastened on such bottle. Plaintiff does not allege he was denied the right of counsel or of bail, or the right to an adjournment to prepare for trial. The inference is, from his conduct on arraignment and his plea of guilty, that he knew the information was fatally defective and that a plea of guilty would induce the magistrate to enter a judgment of conviction against him which would be wholly void and that its only effect would be to invest him with causes of action for false imprisonment and malicious prosecution. Is such shrewdness to be rewarded? A word from the plaintiff that some one else was using the bottles, that defendant had made a mistake in arresting him, would have put the recorder and the defendant on notice and they would have proceeded further at their peril. But no such warning was given.

The holding by a city magistrate, after examination into the the facts, is *prima facie* evidence of probable cause. (*Schultz* v. *Greenwood Cemetery*, 190 N. Y. 276.) In *Whitney* v. *Peckham* (15 Mass. 243) plaintiff was convicted of assault and battery before a justice of the peace. On appeal the conviction was reversed. He sued for malicious prosecution. On the trial it was held (at p. 243): " The judge, being of opinion that the conviction before the justice, he having jurisdiction of the subject-matter of the complaint, was conclusive evidence that there was probable cause, directed a nonsuit: and the point being reserved for the opinion of the whole Court, the nonsuit was confirmed, and the defendant had judgment for his costs (1) (a)." *Desmond* v. *Fawcett* ([1917] 226 Mass. 100; 115 N. E. 280) approves this holding. In New York, however, the rule is that conviction is only *prima facie* evidence of probable cause, but in the absence of conspiracy, fraud, malice and oppression, the conviction is conclusive evidence of probable cause and facts to overcome this *prima facie* case must be pleaded. (*Burt* v. *Place*, 4 Wend. 591; *Palmer* v. *Avery*, 41 Barb. 290, 303; affd., 41 N. Y. 619; *Nicholson* v. *Sternberg*, [4th Dept.] 61 App. Div. 51, 55; *Mesnier* v. *Denike*, 82 id. 404, 407; *Johnson* v. *Girdwood*, 7 Misc. 651, 654; affd., 143 N. Y. 660; *Hendrix* v. *Manhattan Beach Development Co.*, 181 App. Div. 111, 116; *Green* v. *General Cigar Co., Inc.*, 238 id. 638; *Finsilver* v. *Still*, 240 id. 87; *Goldner-Siegel Corp.* v. *Kraemer Hosiery Co.*, 153 Misc. 159, 166, and cases cited; *Graham* v. *Buffalo*

*General Laundries Corp.*, 261 N. Y. 165, 168; *Rubin* v. *Houbigant, Inc.*, 268 id. 552, affg. 243 App. Div. 596.)

Plaintiff does not allege he had no bottles of defendant in his possession at the time of the arrest and he does not allege he was not using defendant's bottles at said time. He alleges he did not use defendant's bottles without its consent. (Complaint, ¶ IX.) Plaintiff alleges that the information stated no crime against him and in the same breath he alleges that defendant, its agents and servants, knew that another was guilty of the crime with which he was charged and that defendant concealed such fact from the recorder. Plaintiff does not disclose the name of the supposed culprit, the other person.

Plaintiff alleges, complaint, paragraph IX, that defendant " did fraudulently and falsely, and without credible information or belief in good faith that the facts set forth therein were true, make and lay the aforesaid information and instigate and procure the issuance of a warrant and the arrest of this plaintiff." Under the relevant authorities immediately above cited, these allegations state no facts and are pure conclusions.

The complaint fails to allege any facts which would overcome the *prima facie* proof of probable cause set up in the complaint itself. Furthermore, plaintiff voluntarily pleaded guilty and thereby consented to the entry of a judgment of conviction against himself. In *Johnson* v. *Girdwood* (*supra*, p. 654) the court said: " It is law, however, that the thing to which a man consents he may not allege as an actionable injury, the fundamental principle being *volenti non fit injuria.* (Broom's Maxims, 267; Bish. Contract Law, § 49.) But in reason, as the terms of the maxim import, and the courts in countless cases have adjudged, an involuntary consent is not consent." There is no suggestion in the complaint that plaintiff's plea of guilty was an involuntary act. *Matter of Shea* v. *Valentine* (249 App. Div. 556) is distinguishable on facts and principle.

The new and amended complaint states no facts sufficient to sustain an action for malicious prosecution. Motion to dismiss for failure to so state is granted. Enter order accordingly with ten dollars costs of motion.