THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MOE COPIT, Appellant.

County Court, Columbia County, May 31, 1946.

*Kenneth R. Garrison* for appellant.

*William F. Christiana, District Attorney,* for respondent.

CONNOR, J. The defendant appeals from a plea of guilty and judgment of conviction rendered thereon in the City Court of the City of Hudson.

The defendant was charged with the violation of subdivision 2 of section 722 of the Penal Law of the State of New York. That section reads as follows: " Any person who with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly conduct: * * * 2. Acts in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others * * *."

The defendant objects to the form of the information, which reads as follows: " On or about the 21st day of April, 1946, at about 11:20 P. M. of that day did * * * occasion a breach of the peace by acting in a disorderly manner on Park Place, in said city, and did then and there create a disturbance contrary to statute in such cases made and provided."

The District Attorney admits that the information is " awful sketchy." But his plea of guilty waived any technical defects in the information. Section 722 of the Penal Law of the State of New York is not a misdemeanor or a felony, and the same precision is not required with respect to that class of minor offenses below the grade of misdemeanor such as disorderly conduct. (*People* v. *Hipple,* 263 N. Y. 242.)

Appellant cites the case of *People* v. *Williams* (135 Misc. 564) as authority for the fact that a plea of·guilty will not prevent a defendant from attacking the information as failing to charge the crime for the first time on appeal. Judge Dowling has interpreted the *Williams* case (*supra*) in a later opinion (*Francisco* v. *Little Falls Dairy Co., Inc.*, 163 Misc. 165, 168) wherein he says: " By pleading guilty plaintiff waived any defects in the information and by so doing gave the court jurisdiction of his person. Thus the court had jurisdiction both of the subject-matter of the charge and of the person of the plaintiff. This is all that was required for the court to legally render judgment of conviction. A defendant in a criminal case may waive any defects in the information or indictment charging him with the commission of a crime but he cannot waive the jurisdiction of the court. In other words, if the recorder had no jurisdiction of the crime charged, or attempted to be charged, in the information, the plaintiff could not confer such jurisdiction upon him by a plea of guilty. * * * If plaintiff had appeared specially and objected to the sufficiency of the information, the decision of the County Court would be on ground more solid so far as it relates to the question of jurisdiction."

Here the court had jurisdiction of the offense charged. The information, sketchy as it was, did inform the defendant of the particular section of the Penal Law he had violated, the date, place, time and manner in which he had violated it. If the defendant had appeared specially, it might well be held that the manner in which he had violated the section was a conclusion of law. This defect he waived by his plea of guilty. (*People* v. *Carter*, 88 Hun 304; *People* v. *Wiechers*, 179 N. Y. 459; *People ex rel. Schneider* v. *Hayes*, 108 App. Div. 6; *People ex rel. Dinsmore* v. *Keeper of Penitentiary*, 125 App. Div. 137.)

In this day when the highest felonies may be charged under the revised form of a simplified indictment and a defendant may plead guilty thereto and be sentenced to years of imprisonment by the simple statement which charges the section of the law that has been violated, this court cannot say that the information, drawn hastily in City Court upon which the defendant is to serve but ten days in the county jail, should be reversed.

The judgment appealed from should be affirmed and the defendant remanded to the custody of the Columbia County Sheriff, but since the attorney for the defendant has indicated that in the event of an adverse decision an appeal to the Appellate Division would be taken, ten days should be allowed him to perfect the appeal.