THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDITH E. ROSE, Relator, against HENRIETTA ADDITON, as Superintendent of Westfield State Farm, Defendant.

Supreme Court, Special Term, Westchester County, March 22, 1947.

*David B. Alford* for relator.

*Nathaniel L. Goldstein, Attorney-General* (*Vincent A. Marsicano* of counsel), for defendant.

COYNE, J. Relator by writs of habeas corpus and certiorari seeks her discharge from the Westfield State Farm to which institution she was sentenced after having pleaded guilty to a violation of subdivision 4 of section 887 of the Code of Criminal Procedure.

Any defect in the information or irregularity in the proceedings in the Court of Special Sessions was cured by the defendant's plea of guilty (*People ex rel. Dinsmore* v. *Keeper of Penitentiary*, 125 App. Div. 137; *Francisco* v. *Little Falls Dairy Co., Inc.*, 163 Misc. 165, mod. on other grounds 249 App. Div. 922; *People* v. *Copit*, 187 Misc. 744; *People ex rel. Tanis* v. *Benedict*, 28 N. Y. S. 2d 202, 205; *People* v. *Scutt*, 160 Misc. 25; *People ex rel. Wojek* v. *Henderson*, 134 Misc. 228). The Court of Special Sessions in the present instance had jurisdiction of the person of the relator and of the crime charged and had power to declare the particular sentence imposed (*Matter of Morhous* v. *N. Y. Supreme Court*, 293 N. Y. 131; *People ex rel. Carr* v. *Martin*, 286 N. Y. 27; *People ex rel. Washowicz* v. *Martin*, 293 N. Y. 361). The relator is presently incarcerated by virtue of a final judgment of a competent tribunal of criminal jurisdiction within the purview of subdivision 2 of section 1231 of the Civil Practice Act and is therefore not entitled to the relief sought by habeas corpus or certiorari.

Consideration has been given to relator's contention that no remedy is available except by way of habeas corpus or certiorari. With this contention the court is not in accord. It is contended on behalf of the relator that she is now insane, and was insane at the time of her plea; and that this alleged fact was known to the police officer who made the information, and who, it is said, fraudulently concealed relator's true mental condition. In connection with the claim, it is significant to observe the disparity between the statements in the commitment and in the supplemental return of the Police Justice as to relator's mental condition at the time of her arraignment. The commitment, on a printed form, contains the usual statement " And whereas it being made to appear then and there to my satisfaction that said Edith Rose was not insane  *  *  *  ." On the other hand, and in direct contradiction to this statement,

the Police Justice in his supplemental return stated: " I have since been informed by said Doctor (Dr. Riverburgh) and believe that the said Edith Rose was insane, but I made no inquiry as to her sanity at the time of her arraignment and commitment." No defense of insanity having been specifically interposed, it is conceivable that the relator's mental condition may have escaped the attention of the Police Justice at the time of the arraignment. Also, in view of the foregoing contradictory statements, it may be that a basis exists for the claim of fraud. If in fact fraud does exist, relator is not without a remedy. She has resort to proceedings in the nature of *coram nobis*.

This question was determined by the Court of Appeals in the recent case of *Matter of Hogan* v. *N. Y. Supreme Court* (295 N. Y. 92) where it was held that the Court of Special Sessions of the City of New York (not a court of record or of continuing jurisdiction) had power to strike from its records a judgment which was void because of fraud. It was there stated that Courts of Special Sessions, as to criminal causes within their scope, need that power as much as do courts of general criminal jurisdiction. If in fact there has been a fraud perpetrated upon the Court of Special Sessions or upon the relator, that court which imposed the judgment has the power to exercise the necessary and appropriate corrective process.

In conformity with the foregoing, the writs of habeas corpus and certiorari are dismissed, without prejudice to a proper application to vacate the judgment upon the ground of fraud in the Court of Special Sessions, if so advised. Order accordingly.