Francis J. Donovan, J.
The defendant, now 76 years of age, was arrested on October 1, 1940 and charged with the crime of murder in the first degree. At the time of his apprehension, the defendant was suffering from severe self-inflicted injuries. The facts surrounding the crime basically were that the defendant believed that his wife, who was then 55 years of age, had been having an affair with another man and had aborted a child conceived by that man. The defendant, believing this delusion, killed his wife by striking her with a hatchet. After killing his wife, the defendant struck himself in the head with the hatchet.
On January 4, 1941 the defendant appeared in the District Court and waived examination on the charge. A commitment was issued to hold him for the action of the Grand Jury.
On January 22, 1941 the defendant was committed to Kings Park State Hospital for a mental examination by order of the County Court.
Thereafter a report was rendered by two qualified phychiatrists at Kings Park State Hospital certifying that the defendant was legally insane. On March 21, 1941 an order was signed by the Hon. Cortland A. Johnson, County Judge, confirming the report of the psychiatrists and committing the defendant to Matteawan State Hospital with the direction that the defendant was to remain there until he became sane and further directing that the presentation of the case against the defendant to a Grand Jury of the County of Nassau be suspended until such time. To date the defendant is an inmate of Matteawan State Hospital.
Defendant now moves in the District Court for an order pursuant to section 667 of the Code of Criminal Procedure dismissing the information and the prosecution. The motion was *657 opposed by the District Attorney who alleged “ good cause why the prosecution should not be dismissed ’ ’ is shown by (1) defendant’s continued insanity and (2) by the 1941 order of the County Court directing that the presentation of evidence to the Grand Jury be suspended.
The immediate purpose of defense counsel is stated to be a transfer of defendant from Matteawan to a civil mental institution under the jurisdiction of the Department of Mental Hygiene. Ultimately, defense counsel hopes to obtain the release of defendant so that he may spend the remainder of his days with a son in West Germany.
The admission in the District Attorney’s affidavit as to the mental condition of defendant at the time of the killing seems to this court to be a conclusion that no crime was committed. The District Attorney states: “It must be remembered that this defendant is charged with a most vicious crime, namely, the hatchet murder of his wife. All the facts and circumstances surrounding the commission of that crime lead irresistibly to the conclusion that the defendant was insane at that time.”
This admission is reinforced by defendant’s medical history immediately prior to the act (not contradicted or questioned by the District Attorney). The defendant suffered a stroke in 1939, followed by convulsive seizures and loss of consciousness. He was forced to give up work and was under medical care for the entire period up to 1940 when he suffered a severe nervous breakdown. This, plus his attempted suicide with the hatchet and the certification of insanity in the County Court, makes such a case of legal insanity as to make almost inevitable the District Attorney’s concession.
It does not seem possible that the District Attorney could ever successfully prosecute defendant.
The court on oral argument was frankly moved by defendant’s plea but entertained serious doubt as to its power to assist the defendant. The court suggested that defendant might supplement his motion and add a request that defendant be relieved of his prior waiver of examination in this court.
The defendant filed papers making the additional request. The court asked the District Attorney to file supplemental papers and to make a particular effort to develop any law which would prohibit the granting of any relief. The District Attorney contends that this court is without jurisdiction because
(1) the prior waiver and commitment, holding the defendant to answer terminated the jurisdiction of the District Court and
(2) section 190-a of the Code of Criminal Procedure, effective *658 July 1, 1961, gives exclusive jurisdiction to the County Court to relieve a defendant from the consequences of a waiver of examination.
In determining this motion the court must accept as a fact defendant’s present insanity. The court also accepts, as conceded, the fact that defendant was legally insane at the time he killed his wife and he is, therefore, innocent of any crime.
There seems to he a violation of fundamental justice in holding an innocent man in a penal institution under criminal process for over 20 years. The insane are not, by their misfortune, stripped of constitutional rights. It is no answer to say that he is presently insane. It is one thing to hold a man in custody because he is insane but quite another to hold him on a criminal charge.
Matteawan is a penal establishment under the jurisdiction of the Department of Correction and exists for holding in custody and caring for insane persons held under any other than civil process as may be committed by courts of criminal jurisdiction. (People ex rel. Molina v. Noble, 28 Misc 2d 646.)
There is criminal process issued out of the District Court authorizing defendant to be held in custody, namely, the commitment executed upon his waiver of examination.
The first question comes on the power of this court to rescind or quash that commitment.
The County Court in denying a prior application for dismissal under section 662-b of the Code of Criminal Procedure stated “ There is no pending indictment against this defendant and consequently this court has no jurisdiction to entertain any application. ’ ’
The District Attorney contends that, prior to the enactment of section 190-a of the Code of Criminal Procedure, there was no authority for either the District Court or the County Court to relieve a defendant of a waiver of examination. He concedes that the practice of permitting a withdrawal of waivers by the District Court has been followed, but claims such practice is without authority.
A criminal court, even though not of record, has control over its proceedings to protect persons from injustice and fraud. (Matter of Hogan v. New York Supreme Ct., 295 N. Y. 92.)
It is interesting to note that this principle has been applied to sustain coram nobis in a Court of Special Sessions where defendant’s insanity was not brought to the attention of a Police Justice. (People ex rel. Rose v. Additon, 189 Misc. 102.)
The same principle would sustain the inherent power of the court to permit the withdrawal of a plea of guilty in a proper
*659 case, in the absence of express statutory authority. (Matter of Lyons v. Goldstein, 290 N. Y. 19.) Due process would seem to require the recognition of such power. (Matter of Hogan v. New York Supreme Ct., supra.)
Why should not the same principle be supplied to a waiver of felony examination ?
The District Court retains jurisdiction of the defendant until indictment. (People v. Pershaec, 172 Misc. 324; People ex rel. Anderson v. Superintendent of Creedmore State Hosp., 40 N. Y. S. 2d 84.)
Section 190-a of the Code of Criminal Procedure does not expressly or by implication negative such jurisdiction. The new section is limited to cases where the District Attorney consents or moves. It is not applicable where, as here, the District Attorney opposes the application. If the District Attorney is correct, then no waiver of examination may be withdrawn unless he consents. Such a construction of the statute finds no support in the language of the statute and does violence to the general principles which afford relief from improvident pleas, of waivers, resulting from duress, fraud, lack of understanding, mistake or similar extenuating circumstances.
This court, having jurisdiction, cannot, in good conscience permit a waiver to stand when it was made by a person conceded insane. The waiver is stricken and the commitment issued on such waiver must be rescinded.
The branch of the motion under section 667 of the Code of Criminal Procedure remains for consideration.
The normal procedure, after relieving from the waiver, would be to recall the defendant and conduct an examination pursuant to section 190 of the Code of Criminal Procedure.
This is impossible. At such an examination the defendant must be present and given the opportunity to examine witnesses and make a statement. An insane man cannot be produced in court for such an examination.
Is such examination necessary in a case such as this? On the conceded facts defendant could not be successfully prosecuted even if he has recovered his sanity.
Assuming this court has power to dismiss the prosecution, the impossibility of a successful prosecution would justify the dismissal. (People v. Esposito, 118 Misc. 867.)
There are few decisions construing section 667 of the Code of Criminal Procedure. Its language is not readily adapted to the proceeding of felony arraignment and examination in this court. A felony is not prosecuted in this court in the literal sense. Such a crime is prosecuted by indictment in the County Court.
*660 Here, the County Court has said that no application may he made in that court until indictment. It has been held that section 667 of the Code of Criminal Procedure applies before indictment and section 668 applies after indictment. (People v. Pearsall, 6 Misc 2d 40; People v. Gearns, 14 Misc 2d 1010.) Some court must have the power. If no court has the power the statute is a nullity. Such a construction of a statute cannot be countenanced.
If the District Court has jurisdiction until indictment, then the District Court is the court ‘‘ at which ’ ’ defendant is held. The District Court cannot order a felony prosecution dismissed in the strict sense. Even where it orders a defendant discharged because of insufficient evidence on a felony examination, ultimate prosecution is not barred. In the latter case the matter may nevertheless he presented to the Grand Jury.
A statute must, however, be given a construction that will make it effective. Section 667 must therefore he construed to authorize, in a proper case, the dismissal of an arraignment proceeding and the discharge from arrest or detention of the defendant by the District Court.
In this limited sense the prosecution of the defendant in the District Court may be dismissed unless good cause to the contrary is shown.
Neither his present insanity (if he he in such condition) nor the recital in the prior order of the County Court constitute good cause for withholding the requested relief.
If he is presently insane he may be detained and held until such time as he regains his sanity.
Ample power resides in the appropriate public officials to restrain him and nothing in this opinion nor in the order to he entered will direct that he be let loose. But, he will he held on the basis of his insanity as a civil patient, not as a person held under commitment in a criminal proceeding (see 1943 Atty. Gen. 320).
The net result of this decision will be to clear the record. The County Court has said there is no criminal proceeding pending in that court against defendant. There are now no criminal proceedings pending in this court.
The waiver of examination is stricken, the commitment of this court rescinded and the proceeding in this court dismissed.