THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* RONALD RICHARD WILMOT, Defendant.

County Court, Montgomery County, August 3, 1962.

*Richard A. Insogna* for defendant. *William J. Crangle, Jr., District Attorney (James N. White* of counsel), for plaintiff.

CHANDLER S. KNIGHT, J.  On July 8, 1962 the defendant was arrested on a charge of violation of subdivision 5-a of section 1897 of the Penal Law for having in his possession a firearm, classified as a concealable weapon, as a felony.

On the same day he was arraigned before Justice of the Peace JOSEPH DUNLAVEY of the Town of Mohawk, this county.  The Justice ordered the defendant held to await the action of the Grand Jury.

At about 10:30 P.M., that day the defendant, in the custody of the Sheriff and with his attorney, came to the home of the County Judge and applied for bail.  The Assistant District Attorney was also present.  Bail was fixed in the amount of $250 which was deposited with the County Treasurer and the defendant was released from custody.

On July 20, 1962, this court, on the application of the defendant, granted an order directing the People to show cause, " Why an order should not be made herein discharging the defendant and for a return of bail to the defendant and that this action be returned to Justices' Court, Town of Mohawk, for a preliminary examination," on the grounds stated in his supporting affidavits. The defendant in his supporting affidavit said that upon arraignment he was asked, " whether the gun in question was mine and I replied that it was."  He also stated that he was never asked, " whether I wanted an examination or whether I waived an examination " and that he was not advised of his right to counsel nor if he wanted an adjournment for the purpose of securing an attorney.

Attached to the defendant's motion papers was an affidavit made by his attorney containing a statement, "that the criminal docket (of the Justice) contains no mention whatsoever of the holding of a preliminary examination or the waiving of a preliminary examination by the defendant."

Upon the facts set forth in those affidavits the defendant seeks an order to vacate the order of commitment and return the defendant to the court of original jurisdiction so that a preliminary examination before the Justice of the Peace may be had.

The defendant also contends that the facts stated in the information do not constitute the crime therein charged.

In opposition to the motion the District Attorney submitted affidavits of Justice of the Peace DUNLAVEY; R. C. Beckwith, investigator of the Criminal Bureau of Investigation of New York State Police and P. A. Liverzani, a member of the New York State Police. In each affidavit the affiant swore that the information was read to the defendant and that the Justice asked him whether he desired counsel and if he wished an adjournment to get one; that the Justice explained to the defendant that he was entitled to a preliminary hearing before the Justice or that he could waive the hearing, in which event he would be held for the Grand Jury; that the defendant said he did waive the preliminary hearing and that the Justice thereupon ordered the defendant held for the Grand Jury, and the Justice then signed a commitment directing Investigator Beckwith to take the defendant to the County Jail.

Whether or not the Justice entered in his docket or failed to enter in his docket all of the proceedings had by him on the arraignment is of no avail to the defendant on this motion. Section 220 of the Code of Criminal Procedure requires every Justice of the Peace " to forthwith enter correctly at the time thereof, full minutes of all business done before him * * * as a court of special session in criminal actions * * * in a book * * * designated ' justice criminal docket ', and shall be at all times kept open for inspection by the public." However, the matter of keeping the docket is a ministerial act and a failure of a Justice of the Peace to keep a docket properly does not in itself invalidate a judgment or an order of commitment.

The remaining question arises whether or not the County Court has jurisdiction to grant the defendant's motion and order the defendant returned to Justices' Court. In the first place the grounds stated above, contained in the defendant's affidavit, are entirely unsupported. On the other hand, Justice DUNLAVEY swore under oath that the defendant was properly advised and

waived examination at the time of his arraignment. He is supported by the sworn statements of two responsible public officers present at the time of the arraignment. I do not believe that these three reputable men of responsible position have committed perjury. Regardless of the statutory requirement set forth in the next paragraph, the evidence submitted in opposition to the defendant's evidence is overwhelming. There is no charge nor an iota of proof that the defendant's waiver resulted from fraud, duress, deceit, trickery or because he was mentally incapable of understanding the charges against him or the proceedings.

In the second place the only authority for this motion for the return of a defendant to the court of original jurisdiction, after waiving examination, is contained in section 190-a of the Code of Criminal Procedure which reads as follows: " At any time after waiver of examination in the court of original jurisdiction and before presentment of the charge to the grand jury, the county court, upon the motion of the defendant *and with the consent of the district attorney*, or upon motion of the district attorney alone, may order the return of the defendant to the court of original jurisdiction." Here, on this motion, the District Attorney not only did not consent to the return of the defendant to Justices' Court but he actively opposes the defendant's motion.

Since the merits of the defendant's defense, factual or legal, prior to presentation to the Grand Jury, may only be determined by the court of original jurisdiction upon a preliminary examination, there is no need for this court on this motion to comment on the legality of the information. The defendant's rights will be protected by the Grand Jury, and, if not, by the court to which an indictment is returned. In the meantime, the defendant is free on bail and will suffer no great hardship pending that event.

For the reasons stated this court is without authority to grant the defendant's motion and it is, therefore, denied.