Liston F. Cook, J.
Defendant moves for an order directing the return of defendant to a Court of Special Sessions pursuant to section 190-a of the Code of Criminal Procedure for the purpose of seeking a preliminary hearing. The District Attorney objects.
A charge of criminal negligence is' presently pending against defendant arising out of a hunting episode in which another was killed. Arraigned before a Justice of the Peace, defendant waived a preliminary hearing and was held for the Grand Jury. In the meantime defendant is free on bail.
*362 It is the gist of defendant’s claim that he did not knowingly and intelligently waive his right to a preliminary hearing and that he should be permitted to recall his waiver and have such a preliminary hearing before his case is considered by the Grand Jury.
Section 190-a of the Code of Criminal Procedure provides as follows: “ At any time after waiver of examination in the court of original jurisdiction and before presentment of the charge to the grand jury, the county court, upon the motion of the defendant and with the consent of the district attorney or upon motion of the district attorney alone, may order the return of the defendant to the court of original jurisdiction. Upon the return of the defendant to such court of original jurisdiction the magistrate shall be empowered to rescind the order holding the defendant for the grand jury.”
The District Attorney resists defendant’s motion, relying upon the language of the statute and the case of People v. Wilmot (35 Misc 2d 355) holding that operation of section 190-a requires the consent of the prosecution.
Defendant relies upon People v. Delfs (31 Misc 2d 655) wherein a District Court in Nassau County held that a construction that section 190-a of the code requiring the consent of the District Attorney was without foundation and granted relief by striking the waiver of examination and dismissing the proceeding.
An examination of the facts in that ease, however, discloses an exceptional situation. Defendant had 21 years previously been arrested for first degree murder. He waived examination and was held for Grand Jury action, only to be committed to Matteawan State Hospital where he still was in 1961. During the intervening years no indictment had been returned by any Grand Jury. Discounting the prior waiver and the provisions of the section 190-a, the District Court held that jurisdiction existed to dismiss the charge.
In the opinion of this court, section 190-a has for its intended purpose a means by which a charge may be returned to the initiating court for purposes of reduction or dismissal. Often a prosecution starts as a felony charge which after investigation proves to be of a less serious nature. Section 190-a affords a vehicle to the District Attorney to dispose of the case short of Grand Jury action. This being the case, use of the section depends upon the prosecutor’s consent for it is he who charts the course of the prosecution. (People v. Elfe, 34 Misc 2d 206.)
An analogy may be found with section 59 of the Code of Criminal Procedure whereby a District Attorney may move to *363 adjourn a misdemeanor charge in a lower court for presentation of the charge to a Grand Jury. This section has been construed solely as a device of the prosecution and that the granting of the motion is mandatory. (Matter of Sovocool, 7 A D 2d 262.)
So, too, is the consent of the District Attorney required before a reduced plea may be accepted pursuant to section 342-a of the code. (Matter of McDonald v. Sobel, 272 App. Div. 455, affd. 297 N. Y. 679.)
Depending as it does upon the prosecutor’s consent, section 190-a may not he availed of by the defendant here. His motion is denied.