tributed, was void, but, in addition thereto, that the appellant is liable to pay the sum which it has been directed to pay. Its liability in this respect must be determined as liabilities are in other cases determined, and that is by action. In re Livingstone, 34 N. Y. 569; In re Van Wyck, 1 Barb. Ch. 565; Hill, Trustees, par. 194. The cases cited by the learned trial justice in the opinion delivered by him are not in point. In each of those cases it will be found, upon an examination, that actions had been brought and were actually pending, and that the orders made were something incident to the progress of the litigation, over and concerning which the court had obtained and had jurisdiction. There is no jurisdiction in the court, and, from the very nature of things, there cannot be, unless especially conferred by statute, to enter a judgment determining the rights of parties to property in the summary way in which it was done in the order appealed from. A trustee appointed by the court is governed in every respect by the same rules of law as one appointed by consent of parties; and whenever the court, either upon its own motion or otherwise, calls upon such trustee to account, it must do so in exactly the same manner and by the same methods of procedure that trustees appointed by consent of parties are called upon to account.

We are of the opinion, therefore, that the judgment appealed from must be reversed, and the petition dismissed, with costs in this court and in the court below, without prejudice, however, to the right of the petitioner to bring an action for the relief demanded in the petition herein. Having reached this conclusion, we think it would be improper for us to express an opinion as to the other questions raised. All concur; RUMSEY, J., in result.

---

BARRY v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

MALICIOUS PROSECUTION—EVIDENCE—JUDICIAL PROCEEDINGS.

An action for malicious prosecution will not lie against a defendant for having illegally arrested plaintiff without a warrant, and having brought him before a police court, where he is discharged without the filing of a complaint; an essential element of malicious prosecution being a commencement of judicial proceedings.

Appeal from trial term, New York county.

Action by Thomas Barry against the Third Avenue Railroad Company. The complaint was dismissed, and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

L. Laflin Kellogg, for appellant.
Eugene Treadwell, for respondent.

RUMSEY, J. At the opening of the trial the plaintiff elected to proceed for malicious prosecution, and not for false imprisonment. At the close of the plaintiff's case the court dismissed the complaint

upon the ground that the arrest was illegal, and that the conductor who asked the officer to make it was not acting within his authority, and also for the reason that the proof did not establish facts necessary to make out a case of malicious prosecution. The plaintiff's testimony was to the effect that on the 3d of June, 1896, he took passage on a car belonging to the defendant, and, to pay his fare, gave to the conductor a quarter of a dollar, and received two 10-cent pieces in change. As he sat there, another passenger got on the car, and also gave to the conductor a 25-cent piece to pay his fare. After a short time this passenger asked the conductor for his change, but the conductor claimed that he had given the change of the other passenger to Barry, and insisted that Barry should pay it to him. Thereupon there arose a dispute between the parties, which resulted in the conductor calling a policeman, and having Barry arrested. The policeman, accompanied by the conductor, took the plaintiff to the station house, where, after some delay, he was brought before a police justice, but no complaint was made, and he was discharged. We do not think that, upon this evidence, an action for malicious prosecution can be maintained. There is no doubt that the arrest of the plaintiff, made by the policeman at the request of the conductor, was utterly illegal. An officer may arrest without a warrant for a crime committed or attempted in his presence, or for a felony committed by the person arrested though not in his presence, or where a felony has been in fact committed, and he has reasonable cause to believe that the person arrested committed it. Code Cr. Proc. § 177. The case did not come within this section in any of its subdivisions, because nothing criminal had been done or attempted in the presence of the officer; and the charge against the plaintiff, if it were a crime at all, was only a misdemeanor. Such an arrest would undoubtedly afford a good ground for an action for false imprisonment against the officer who procured the arrest to be made; but the mere fact of an illegal arrest and detention is not sufficient to sustain an action for malicious prosecution. The essential element of that action is that a judicial proceeding has been begun, and carried on maliciously, and without probable cause, and has resulted in the discharge of the plaintiff. Unless the arrest is followed by some sort of a judicial proceeding, there can be no malicious prosecution, and the plaintiff must seek his remedy in an action for false imprisonment. Brown v. Chadsey, 39 Barb. 253; Newell, Mal. Pros. 610; Cooley, Torts, 195, 208; Murphy v. Martin, 58 Wis. 276, 279, 16 N. W. 603. The evidence in this case affirmatively shows that no such thing took place. It is quite true that the plaintiff was arrested by the policeman, and that he was taken before a police court. But an illegal arrest, such as this was, without a warrant, is clearly not a commencement of a judicial proceeding. That can only take place where, having been brought before a judicial officer, a charge is made which, if true, would result in a conviction of the plaintiff or in damages against him. Nothing of the kind took place here. The plaintiff swears that when the parties were before the justice no complaint was made against him, and he was at once set free. There was, therefore, a failure to establish an essential element of an action

for malicious prosecution. For that reason the conclusion of the court below was correct, and the judgment must be affirmed, with costs. All concur.