GLENN GRAVES, Respondent, *v.* ROY S. RUDMAN, Appellant.

Fourth Department, May 4, 1932.

*Oswald P. Backus*, for the appellant.

*David Posner*, for the respondent.

Per Curiam. There is a marked difference between an action for malicious prosecution and one for false imprisonment. The essential element of the former is the fact that a judicial proceeding has been commenced and prosecuted maliciously and without probable cause, while the gist of the latter is an unlawful detention. (*Brown* v. *Chadsey*, 39 Barb. 253; *Barry* v. *Third Ave. R. R. Co.*. 51 App. Div. 385.)

The complaint in the instant case states a cause of action for malicious prosecution, and not for false imprisonment. The case, however, was tried and sent to the jury upon both theories. This was done without any protest or opposition upon the part of the defendant. At the very outset of the trial the court inquired whether the action was one for malicious prosecution or for false arrest, and plaintiff's counsel stated that it was for both. Defendant acquiesced in this statement, and made no objection to proceeding upon that theory.

At the close of plaintiff's case defendant moved for a nonsuit upon the general ground that the evidence failed to make out a cause of action against the defendant. The motion was not treated as one addressed to the two separate causes of action, but rather to plaintiff's right to recover any verdict against the defendant. While we think that the plaintiff had failed to make out a cause of action against the defendant for false imprisonment, there was ample evidence to send the case to the jury upon the theory of malicious prosecution. To grant defendant's motion, therefore, would have been error.

The motion for a nonsuit was not renewed at the close of the evidence, nor did the defendant ask for a direction of a verdict at that time. The case was sent to the jury upon both theories. Defendant having acquiesced in such procedure, and having accepted

without protest or objection the issues as framed by the charge and the course of the trial, cannot complain at this late date of the refusal of the court to dismiss the complaint, nor of the verdict of the jury, inasmuch as there was abundant evidence to sustain a finding that the defendant was actuated by malice, and did not have probable cause to believe that plaintiff had committed the crime with which he was charged.

The charge of the court, in so far as it related to an action for false imprisonment, was erroneous in many respects, but defendant was apparently satisfied with the law as laid down by the court, for he took no exception, and made but one request, which was granted. The errors in the charge are, therefore, not before us.

We find no exception in the case which would warrant us in disturbing the judgment or order appealed from.

All concur, except SEARS, P. J., who dissents and votes for reversal on the facts on the ground that the verdict, under the charge of the court, may have been based upon facts which would not render the defendant liable for damages and consequently the interests of justice require a new trial.

Judgment and order affirmed, with costs.