MOHAMMED AL RASCHID, Appellant, v. NEWS SYNDICATE CO., INC., Respondent.*

First Department, November 3, 1933.

*Francis Dean* of counsel [*Stewart W. Bowers* with him on the brief; *Francis Dean*, attorney], for the appellant.

*Arthur A. Moynihan* of counsel [*DeWitt, Van Aken & Moynihan*, attorneys], for the respondent.

MARTIN, J. The complaint in this action for malicious prosecution alleges that plaintiff is a resident of New York city, a native-born citizen of the United States of America; that defendant, a New York corporation, wantonly, wickedly and maliciously and without probable cause, *by giving false information to the immigration officials of the government of the United States*, caused them to prosecute, arrest and deport the plaintiff for alleged violations of the United States Immigration Laws on divers occasions during the years 1922, 1924, 1925, 1928, 1929, 1930, 1931, and that the proceedings terminated favorably to him.

Prior to such alleged wrongful acts of the defendant, the plaintiff says he was gainfully employed and received large compensation for his services and that by reason of the malicious prosecution by the immigration officials resulting therefrom the plaintiff was prevented from pursuing any gainful occupation during the years mentioned, and also by reason of deportations during the years 1923, 1926–1928 plaintiff's earning capacity was greatly diminished.

The plaintiff alleges that by reason of the facts set forth in the complaint he was compelled to expend large sums of money in

---

* Appeal to Court of Appeals dismissed, 264 N. Y. —.

paying attorneys to defend him and to assert and uphold his rights, and also incurred expenses for steamship and railroad fares in this country and in Europe.

The court at Special Term in granting a motion of the defendant after answer to dismiss the complaint said: " Motion to dismiss the complaint is granted. An action for malicious prosecution does not lie under the circumstances. While plaintiff may have a cause of action, either for libel or slander, as the case may be, the pleading is not drawn upon that theory.

The plaintiff moved for a resettlement of the order but the court denied the motion. The plaintiff now appeals from both orders.

The plaintiff contends that the complaint sets forth facts sufficient to constitute a cause of action; that the prosecution of plaintiff for a violation of the United States Immigration Laws was of a judicial character; that the officials of the United States government service in determining the right of an immigrant to admission to the United States perform a judicial function.

The defendant claims that one of the most essential elements of an action for malicious prosecution is not set forth in the complaint in that there is no allegation that any judicial proceeding was commenced maliciously and without probable cause by the defendant against the plaintiff. It is further argued that the proceedings of the Immigration Service of the United States are not judicial but are administrative; that the complaint itself alleges that the defendant " by giving false information to the immigration officials of the government of the United States caused the said immigration officials to prosecute and arrest and deport plaintiff for alleged violations of the United States Immigration Laws on divers occasions." The sole charge against the defendant is that it gave false information to the immigration officials.

We are of the opinion that the complaint is insufficient. It contains mere conclusions without any sustaining facts. It fails to allege that any judicial proceeding was commenced by the defendant. The pleader says that because false information was given he was injured. The complaint fails to state what information was given or facts which would show whether it was false or true, or whether it was important or unimportant. The mere conclusions of a pleader are insufficient. The fact that the United States government prevented this man from entering the country is not a basis for an action for malicious prosecution. The defendant may have given information upon which the government acted, but that would not make it liable for malicious prosecution.

In *Barry* v. *Third Avenue R. R. Co.* (51 App. Div. 385 [First Dept.]) the court said: " We do not think that, upon this evidence,

an action for malicious prosecution can be maintained. There is no doubt that the arrest of the plaintiff made by the policeman at the request of the conductor was utterly illegal. An officer may arrest without a warrant for a crime committed or attempted in his presence, or for a felony committed by the person arrested, though not in his presence, or where a felony has been in fact committed and he has reasonable cause to believe that the person arrested committed it. (Code Crim. Proc. § 177.) The case did not come within this section in any of its subdivisions, because nothing criminal had been done or attempted in the presence of the officer; and the charge against the plaintiff, if it were a crime at all, was only a misdemeanor. Such an arrest would undoubtedly afford a good ground for an action for false imprisonment against the officer who made the arrest; but the mere fact of an illegal arrest and detention is not sufficient to sustain an action for malicious prosecution. The essential element of that action is that a judicial proceeding has been begun and carried on maliciously and without probable cause and has resulted in the discharge of the plaintiff. Unless the arrest is followed by some sort of a judicial proceeding there can be no malicious prosecution, and the plaintiff must seek his remedy in an action for false imprisonment. (*Brown* v. *Chadsey*, 39 Barb. 253; Newell Mal. Pros. 10; Cooley Torts [2d ed.], 195, 208; *Murphy* v. *Martin*, 58 Wis. 276, 279.) ''

The marked difference between an action for malicious prosecution and one for false imprisonment is pointed out in *Graves* v. *Rudman* (235 App. Div. 380). A necessary element of the former is the fact that a judicial proceeding has been commenced and prosecuted maliciously and without probable cause, while the gist of the latter is an unlawful detention. (*Brown* v. *Chadsey*, 39 Barb. 253; *Barry* v. *Third Avenue R. R. Co.*, *supra*.)

In *Drew* v. *Potter* (39 Vt. 189) the court held that the essential ground of the action on the case for a malicious prosecution is the institution of proceedings against the plaintiff in some court of law, and without probable cause; that a legal prosecution has been commenced should appear affirmatively in the declaration; an averment of a charge and an arrest upon the charge and an acquittal after ten days' imprisonment without any mention of any court, justice or prosecuting officer, any process, precept or warrant, and without profert of the record of any judicial tribunal, does not amount to an averment of a prosecution or judicial proceeding, and a declaration in case for a malicious prosecution containing no more is insufficient. In that case the court said: '' A charge and an arrest do not amount to a prosecution. This action lies only when a legal prosecution, a judicial proceeding, has been

maliciously, and without probable cause, instituted against the plaintiff, and has been terminated in the plaintiff's favor."

In *Sanders* v. *Davis* (44 So. 979) the Alabama court held that a complaint for malicious prosecution must allege a judicial proceeding, instigation by defendant, want of probable cause, malice, termination of the proceeding favorably to plaintiff, and damages. It also held that a count which avers merely that defendant caused plaintiff to be arrested under a charge made verbally to a policeman is a count for false imprisonment, and not for malicious prosecution.

In *Burns* v. *Erben* (26 How. Pr. 273) the court (New York Superior Court) held that where a complaint is susceptible of no interpretation other than a charge of illegal arrest, detention and restraint of liberty, the action is one of false imprisonment and not of malicious prosecution.

The court (at p. 276) said: " The language of the complaint is susceptible of no other interpretation than a charge of illegal arrest, detention and restraint of liberty. The action is one of false imprisonment, therefore, and not of malicious prosecution, which is a species of slander or libel, leading to peculiar injury, to wit, arrest by process of law. Undoubtedly in the latter case the plaintiff is to make out the negative, to wit, a want of probable cause, but slight evidence only is sufficient for the purpose. * * *

" I do not find evidence enough to implicate the defendant Erben in the arrest. He merely disclosed what he knew, and only expressed an opinion that there was enough of suspicion against the defendant to have her examined. He did not request or urge any arrest, but left it to the officer at the station house to decide on its propriety. Nor did he make any charge. Such officer appeared to exercise the authority given him by law of arresting persons that he suspected." (See, also, *Ragsdale* v. *Bowles*, 16 Ala. 62.)

The defendant may have been requested to furnish information and have complied with the request. That is not the instigation of a judicial proceeding nor a ground for holding a person for malicious prosecution. The elements which make up an action for malicious prosecution are absent. The plaintiff may have some other form of action but not the one he seeks to enforce. The Special Term properly dismissed the complaint.

The orders should be affirmed, with twenty dollars costs and disbursements.

O'MALLEY and TOWNLEY, JJ., concur; FINCH, P. J., dissents and votes to reverse and deny motion to dismiss complaint.

FINCH, P. J. (dissenting). For the purposes of this motion it is admitted that the defendant maliciously gave false information to

the immigration officials whereby the plaintiff suffered arrest, imprisonment and deportation over a period of ten years, was put to a large expense, and ousted from and prevented from following a gainful occupation. For these wrongs the plaintiff is entitled to redress, and his complaint should not be dismissed upon the ground that it fails to conform to established rules of pleading in a particular form of action. Plaintiff may not be able to obtain adequate relief in an action for libel or slander or to maintain such an action or an action for false imprisonment notwithstanding he has been libeled, imprisoned and otherwise injured. Under such circumstances the plaintiff is entitled to maintain an action wherein he may be granted appropriate relief.

As was said by Judge VANN in *Kujek* v. *Goldman* (150 N. Y. 176, 178): " While no precedent is cited for such an action, it does not follow that there is no remedy for the wrong, because every form of action when brought for the first time must have been without a precedent to support it. Courts sometimes of necessity abandon their search for precedents and yet sustain a recovery upon legal principles clearly applicable to the new state of facts, although there was no direct precedent for it, because there had never been an occasion to make one. In remote times, when actions were so carefully classified that a mistake in name was generally fatal to the case, a form of remedy was devised by the courts to cover new wrongs as they might occur so as to prevent a failure of justice. This was called an ' action on the case,' which was employed where the right to sue resulted from the peculiar circumstances of the case and for which the other forms of action gave no remedy."

So, also, in *Piper* v. *Hoard* (107 N. Y. 73, 76) it was said by Judge PECKHAM: " If to assume jurisdiction and grant relief in such a case would be to run counter to well-settled rules of equity, that fact would be a sufficient answer to the plaintiff's prayer for judgment herein. But if the most that can be said is that the case is novel and is not brought plainly within the limits of some adjudged case, we think such fact not enough to call for a reversal of this judgment."

And in *Bolivar* v. *Monnat* (232 App. Div. 33, 38) the words of EDGCOMB, J., are appropriate. He said: " It is not necessary to define the nature of the action with meticulous accuracy. The element of negligence may be wanting because the act was done deliberately rather than carelessly. Under the authority of the *Stratton* and *McCue Cases (supra)* we would be warranted in calling

it an action for assault and battery. But it matters not what it is named, whether negligence, assault and battery, or an action on the case, the fact remains that the complaint alleges a violation of a right or duty growing out of the relations existing between the parties, and this gives plaintiff a right of action against defendant for the damages sustained. The novelty of the action, or the want of an exact precedent does not deprive the plaintiff of a remedy for defendant's unlawful act."

The orders appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint denied.

Orders affirmed, with twenty dollars costs and disbursements.