Martha K. Zelman, J.
Plaintiff brings this action against the City of New York for $300 damages representing attorney’s fees incurred by him. Defendant has agreed to accept and not controvert the facts as testified to at the trial by plaintiff, nor oppose the amount of damages requested. The basis of the action is as follows: Plaintiff, an employee of the *804 City of New York, Supervisor of Department of Real Estate within the Municipal Service Administration, was "ordered” to appear at the office of the Inspector General of the Municipal Service Administration. Plaintiff testified that a subordinate employee was not performing her duties in an acceptable manner; that he had reported this employee to his immediate supervisor. His supervisor, after investigating the matter, was in accord with his findings and said employee was brought up on charges for dismissal. In retaliation, said subordinate reported plaintiff to the Inspector General’s office for misconduct in that he had allegedly "propositioned” her. During the course of the investigatory questioning by the Inspector General, plaintiff was read certain "constitutional rights,” to wit:
"I wish to advise you that you have all the rights and privileges guaranteed by the laws of the State of New York and the Constitutions of this State and of the United States, including the right not to be compelled to incriminate yourself. You have a right to have an attorney present if you wish.
"I wish further to advise you that if you refuse to answer any questions relating to the performance of your official duties, you will be subject to dismissal from your employment with the City. However, if you do answer questions, neither your answers nor any information or evidence which is gained by reason of such answers can be used against you in any criminal proceeding. You are advised, however, that if you knowingly make any false answers or deceptive statements, you may be subject to criminal prosecution and disciplinary action by reason thereof.”
Said constitutional rights were introduced into evidence as plaintiff’s Exhibit 1. Plaintiff signed and answered: "I wish to be represented by an attorney.”
Thereafter, plaintiff retained an attorney and appeared with counsel at a subsequent hearing. These counsel’s fees incurred are the subject matter of this action. The investigation has since terminated and no administrative, civil or criminal charges were ever filed against the plaintiff as a result of same. Plaintiff alleges that his subordinate’s allegations were false and retaliatory. Plaintiff feared for his job and he retained counsel, and that the Inspector General’s office had gone too far in investigating a "trumped up” complaint.
The court has looked into the procedures required by the Mayor’s office when such a complaint is filed with the Inspector General’s office. The Mayor of the City of New York as the *805 chief executive officer of the city (New York City Charter, § 3) has a responsibility of promulgating executive rules and regulations to ensure the proper operation of the city government. Section 803 of the New York City Charter authorizes the Commissioner of the Department of Investigations to make investigations which in his opinion are in the best interests of the city. Certain procedures, whereby city agencies are mandated to co-operate with the Department of Investigation with respect to "any allegations or indication of possible corruption or wrongdoing by a city officer or employee” are outlined in Executive Order No. 21 (Aug. 19, 1970), paragraph 1, subdivision (a). In compliance with this Executive Order, the Administrator of the Municipal Service Administration created the office of the Inspector General. Amongst the duties and responsibilities of the Inspector General are to "conduct investigations into allegations that laws and/or regulations are being violated. These investigations will relate to officials and employees and persons or firms with which the Municipal Services Administration is doing business. Such investigations will include but not be limited to those involving”. (MSA Order No. 49, Nov. 30, 1970, par 1.)
It was therefore the Inspector General’s duty and obligation to investigate the complaint against plaintiff.
Plaintiff claims the City of New York was negligent in conducting an investigation in which the complaint was obviously of a retaliatory nature. Defendant, City of New York, argues that not only did the plaintiff fail to make out a cause of action in negligence, but his complaint should be dismissed for failure to comply with a condition precedent: that of not having served the City of New York with a notice of claim as required by section 50-e of the General Municipal Law. This defense is dismissed since plaintiff did serve the city with said notice.
However, the court is of the opinion that there was no malicious prosecution in the investigation of this complaint. The essential elements of a cause of action sounding in malicious prosecution are (1) the commencement and prosecution of a judicial proceeding against the plaintiff; (2) by or at the insistence of the defendant; (3) without probable cause; (4) with malice; (5) that terminated in favor of the plaintiff; (6) that resulted in his injury. (See 36 NY Jur, Malicious Prosecution, § 5, p 259.)
The instant action was founded upon an investigation which *806 was administrative in nature and not judicial. The fact that the subordinate came to the Inspector General and complained about plaintiff gave the Inspector General probable cause to investigate the matter. Plaintiff has failed to prove that there was any malice in said investigation or any damage. See Losi v Natalicchio (112 NYS2d 706, 707) wherein plaintiff instituted an action for malicious prosecution against the defendant who had instituted an investigation against them via the District. Attorney’s office, wherein the court held that "a judicial proceeding is one before a court or judge. * * * The District Attorney, although an important part of the enforcement of our criminal law, is not a judge nor his office a court. There was no 'charge’ against the plaintiff in the legal sense. All that transpired, as appears from the plaintiff’s own presentation, is that she was asked to appear at the District Attorney’s office in a preliminary investigation. She was not under any legal compulsion so to do. Such preliminary investigations are routine practice in the administration of the affairs of that busy and important office and are of actual benefit, rather than a detriment to the citizen, as here instanced, relieving him of the possibility of a more serious procedure.” (See Campbell v New York Evening Post, 245 NY 320, 325.) As stated in Barry v Third Ave. R. R. Co. (51 App Div 385, 386) "The essential element of that action is that a judicial proceeding has begun and carried on maliciously and without probable cause and has resulted in the discharge of the plaintiff.”
In the case at bar, the City of New York advised the plaintiff of certain constitutional rights, which are guaranteed to all citizens. Plaintiff had a due process right to speak for himself and participate in the investigation, with or without an attorney present. That no criminal accusation followed is a circumstance of which the plaintiff should not complain. While plaintiff has suffered inconvenience, embarrassment and said matter was a most unfortunate situation, it did not constitute any act of "maliciousness” on the part of the Inspector General’s Office. It is a burden which unfortunately all civil servants may be called upon occasionally to shoulder as part of the obligation of the job. Defendant’s objection to the sufficiency of the law is well taken. As a matter of law, the court must dismiss this action for failure to state a cause of action and establish a prima facie case.