**Khali GRANT, Plaintiff,**

v.

**The CITY OF NEW YORK & Police Officer John Doe, Defendants**

**No. 05 Civ. 7410(NRB).**

United States District Court,
S.D. New York.

Feb. 20, 2007.

Michael Colihan, Brooklyn, NY, for Plaintiff.

Brian Morgan, Office of the Corporation Counsel Law Department, City of New York, New York City, for Defendant.

## MEMORANDUM AND ORDER

BUCHWALD, District Judge.

Plaintiff Khali Grant ("Grant" or "plaintiff") brings this action against the City of New York ("City") and Officer John Doe[1] pursuant to 42 U.S.C. § 1983 alleging false arrest, malicious prosecution, and excessive force, and state law claims of assault and battery and negligent hiring, retention, and training, based upon defendants' actions relating to plaintiff's arrest in Brooklyn on March 12, 2005. *See* Amended Complaint ("Am.Compl.").

Defendant now moves for summary judgment, arguing that: (1) there was probable cause to justify plaintiff's arrest; (2) Officer Murria is entitled to qualified immunity; (3) plaintiff cannot bring a malicious prosecution claim because he was not actually prosecuted; (4) the excessive force and assault and battery claims must be dismissed because Officer Murria did not use force against plaintiff; and (5) there is no basis for a negligent supervision or hiring claim on these facts. For the reasons set forth herein, defendants' motion is granted, and plaintiff's claims are dismissed.

## BACKGROUND[2]

On March 12, 2005, plaintiff entered into Friendly's Video at 3373 Fulton Street in Brooklyn in order to buy phone cards along with her friend, Nedra Payne ("Payne"). Plaintiff purchased three such cards and then left the store with Payne, whereupon an employee, Nathaniel Frias ("Frias") followed them outside and accused first Payne, then plaintiff, of paying for the cards with a counterfeit twenty-dollar bill. Frias then called Officer Murria, who was on foot patrol nearby, to the scene. Frias told Officer Murria that Grant purchased the phone cards with what appeared to be counterfeit money.[3] Officer Murria then accompanied plaintiff and Frias back into the store. Anny Espinal, the owner of the store, told Officer Murria that plaintiff used a counterfeit twenty-dollar bill to purchase the phone cards.[4] Officer Murria examined the bill closely and then notified his Sergeant, who arrived on the scene. The Sergeant examined the bill which, in the estimation of Grant, Officer Murria, the Sergeant, and Espinal appeared to be obviously counterfeit. Indeed, Grant herself clearly testified that it looked counterfeit insofar as it "didn't look that long," it "didn't look like the actual green," and it "felt like regular paper out of my book." *See* Deposition of Khali Grant of April 26, 2006 ("Grant Tr.") at 43 1.25—45 1.7. The police thus seized

---

1. Officer John Doe has subsequently been identified as Officer Louis Murria ("Officer Murria").

2. The facts set forth herein are taken from Defendants' Statement Pursuant to Local Rule 56.1 ("Defendants' Rule 56.1 Statement"); Plaintiff's Counterstatement Pursuant to Rule 56.1 ("Plaintiff's Rule 56.1 Statement"); and the Affidavit of Luis Murria ("Murria Aff."), attached as Exhibit C to Declaration of Brian Morgan ("Morgan Decl."). When facts are disputed, all reasonable inferences have been drawn in favor of plaintiff.

3. Relying on Grant's deposition, plaintiff disputes that Frias mentioned to Officer Murria

the "items purchased or the character of the questioned bill." Plaintiff's Rule 56.1 Statement ¶ B. However, Officer Murria clearly affirmed that "Frias stated that Khali Grant purchased a phone card at Friendly's Video, using a counterfeit twenty-dollar bill." Murria Aff. ¶ 4.

4. Plaintiff's suggestion that "no mention was made of the items purchased," Plaintiff's Rule 56.1 Statement ¶ D, because plaintiff did not refer to the phone cards in her deposition testimony, is rendered immaterial by the affirmations of Officer Murria and Espinal that she purchased the phone cards with the bill.

the bill.[5]

Espinal told the Sergeant that she was sure that Grant gave her the bill. She also then told him that she did not want to press charges. The Sergeant then instructed Officer Murria to arrest plaintiff, who effected the arrest by handcuffing the plaintiff. It is undisputed that no other force was used.

Plaintiff was charged with Possession of a Forged Instrument, Possession of Stolen Property, and Petit Larceny. Plaintiff was taken to the 75th Precinct, but was ultimately released without prosecution or any judicial proceedings upon a determination that "there is no evidence that def[endant] knew that the bill she gave to the store was counterfeit. Def[endant] had no other similar bills in her possession at arrest and did not make any statement at arrest." Kings County Office of the District Attorney Decline Prosecution form, Morgan Decl. Exh. F. Plaintiff commenced this suit on August 22, 2005.

## I. Standard of Review

A motion for summary judgment must be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In deciding a motion for summary judgment, the evidence submitted must be viewed in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). While credibility determinations, weighing evidence and drawing legitimate inferences from facts are functions that the Court must leave to the jury, if the nonmoving party does not present evidence from which a reasonable jury could return a favorable verdict, then summary judgment is appropriate. *See, e.g., Golden Pacific Bancorp. v. F.D.I.C.*, 375 F.3d 196, 200 (2d Cir.2004).

## II. False Arrest Claim

Plaintiff alleges she was falsely arrested by Officer Murria. We disagree.

■■■ We must look to the law of the state in which the arrest occurred in our analysis of the § 1983 false arrest claim. *See, e.g., Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir.2004) (gathering cases). In New York, "a plaintiff claiming false arrest must show, *inter alia*, that the defendant intentionally confined him without his consent and without justification." *Covington v. City of New York*, 171 F.3d 117, 122 (2d Cir.1999) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir.1996)). However, "[t]he existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Id.* (quoting *Weyant*).

■■■ Probable cause "exists where facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed by the person under inquiry." *Brogdon v. City of New Ro-*

---

**5.** Plaintiff repeatedly attempts to create a fact dispute by alleging that neither plaintiff nor Officer Murria had any "training in the identification of questioned currency," and that Officer Murria "never determined from the Secret Service Agent called to investigate this matter whether or not the bill was actually counterfeit." *See* Plaintiff's Rule 56.1 State-ment ¶¶ D–F. Whether or not true—and defendants contest the veracity of both of these statements—these facts simply are not material to the probable cause analysis in this case. *See* Section III *infra*. Additionally, plaintiff's other alleged facts "in dispute" are wholly immaterial.

*chelle,* 200 F.Supp.2d 411, 419 (S.D.N.Y. 2002) (gathering cases). The validity of an arrest does not depend upon an ultimate finding of guilt; rather, it depends on the existence of probable cause "at the time of the arrest and immediately before it." *Id.* (gathering cases). As such, probably cause "can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Id.* (gathering cases). "[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness," *Martinez v. Simonetti,* 202 F.3d 625, 634 (2d Cir.2000) (citing *Miloslavsky v. AES Engineering Society,* 808 F.Supp. 351, 355 (S.D.N.Y.1992), *aff'd,* 993 F.2d 1534 (2d Cir.1993)), "unless the circumstances raise doubt as to the person's veracity." *Curley v. Village of Suffern,* 268 F.3d 65, 70 (2d Cir.2001).

■ More specifically, "probable cause to arrest for the offense of passing a counterfeit note is established by circumstances showing the passing of a counterfeit note coupled with an identification of the individual who passed the note." *United States v. Hernandez,* 825 F.2d 846, 849 (5th Cir.1987) (citing cases). Therefore, "[w]hile intent is an element of the crime which must be proved at trial, it is not necessary in order to establish probable cause to arrest. The passing of a counter-

feit note coupled with an identification of the person who passed the note furnishes probable cause to arrest the individual identified as passing the note." *United States v. Everett,* 719 F.2d 1119, 1120 (11th Cir.1983).

So long as probable cause existed to arrest plaintiff for one of the crimes charged, the arrest was justified; "it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." *Jaegly v. Couch,* 439 F.3d 149, 154 (2d Cir.2006).

■ Here, we conclude that probable cause existed for Officer Murria to arrest Grant on each of the three crimes she was arrested for. Penal Law § 170.20 prohibits possession of a forged instrument; § 165.40 prohibits possession of stolen property, and § 155.25 prohibits petit larceny. It is uncontested that both Frias and Espinal independently told Officer Murria that plaintiff had purchased the phone cards with counterfeit money, and that Espinal said the same to the Sergeant. Moreover, the Sergeant also thoroughly inspected the bill. Thus, because Officer Murria had information from both Frias and Espinal—not only eyewitnesses, but also the putative victims of these charged crimes—probable cause existed for Grant's arrest.[6] *See Martinez,* 202 F.3d at 634.

---

6. Because the validity of an arrest does not depend upon an ultimate finding of guilt, it is of no consequence, in the probable cause analysis, that the phone cards were not recovered from plaintiff after her arrest, or that she was not seen by Officer Murria with the allegedly counterfeit bill, as plaintiff argues. *See* Plaintiff's Memorandum of Law in Opposition ("Opp'n") at 4. Indeed, it is apparent from his argument that plaintiff's counsel has conflated the analysis for determining probable cause with that of determining actual guilt.

*See, e.g., id.* at 6. Moreover, plaintiff's assertion that Officer Murria did not voucher the counterfeit money, *see id.* at 4, is not only wholly irrelevant, but is also entirely contradicted by the evidence, which consists of the voucher itself as well as Murria's deposition testimony. The same goes for plaintiff's claim that Officer Murria "violated the procedure of his own department" by not consulting, somehow, with the Secret Service "as to the genuineness of the questioned bill" *before* effecting Grant's arrest. *See id.* at 5.

## III. Malicious Prosecution Claim

 Plaintiff's malicious prosecution can be easily dismissed.[7] Under New York law, such a claim requires: (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions. *See, e.g., Murphy v. Lynn,* 118 F.3d 938, 947 (2d Cir.1997) (gathering cases). Here, quite simply, a "criminal proceeding" was not commenced against Grant: "A charge and an arrest do not amount to a prosecution. The action of malicious prosecution lies only when a legal prosecution, *a judicial proceeding,* has been maliciously, and without probable cause, instituted against the plaintiff, and has been terminated in the plaintiff's favor." *Singer v. Fulton County Sheriff,* 63 F.3d 110, 117 (2d Cir. 1995) (emphasis added) (quoting *Raschid v. News Syndicate Co.,* 239 A.D. 289, 267

N.Y.S. 221, 225 (1st Dep't 1933), *aff'd* 265 N.Y. 1, 191 N.E. 713 (1934)).[8] Moreover, an "arrest [itself] cannot serve as the predicate deprivation of liberty [when] it occurred prior to [ ] arraignment and without a warrant, and therefore was not pursuant to *legal process.*" *Id.* (emphasis added) (internal quotations omitted). There is no dispute that Grant was never arraigned before a judge or prosecuted in any way. *See* Kings County Office of the District Attorney Decline Prosecution form, Morgan Decl. Exh. F. *See also* Grant Tr. at 21 1.5–14. Therefore, plaintiff's claim for malicious prosecution is baseless.

## IV. Excessive Force and Assault and Battery Claims [9]

 To succeed on a Fourth Amendment excessive force claim, a plaintiff must show that the amount of force used was "objectively unreasonable." *Lowth v. Town of Cheektowaga,* 82 F.3d 563, 573 (2d Cir.1996). Here, Grant obviously cannot

---

Nor is there any evidence whatsoever to question the veracity of either Frias or Espinal. Grant had never been in their store before, nor had she ever met either of these employees. Grant Tr. at 30, 84. Moreover, that Espinal told the police not to press charges, *see* Plaintiff's Rule 56.1 Statement ¶ G, is entirely immaterial: "The fact that [the complaining witness] allegedly had decided in the interim that she did not wish to pursue her complaint, even if established, did not amount to a recantation of her prior statement to the police. Therefore, as a matter of law, there was probable cause for Fox's arrest." *Fox v. City of New York,* No. 03 Civ. 2268(FM), 2004 WL 856299 at *5 (S.D.N.Y. April 20, 2004).

Having found that probable cause existed for the arrest, we need not reach the issue of qualified immunity. However, if a reviewing court should disagree with our probable cause determination, we note that Officer Murria would be entitled to qualified immunity because "it was objectively reasonable for the officer to believe there was probable cause to make the arrest." *Ricciuti v. N.Y.C. Tran-*

*sit Authority,* 124 F.3d 123, 128 (2d Cir.1997). The determination of whether police officers are entitled to qualified immunity is to be determined independent of the merits of the underlying action. *Washington Square Post # 1212 v. Maduro,* 907 F.2d 1288, 1293 (2d Cir.1990). At a minimum here, "reasonably competent police officers could disagree as to whether there was probable cause to arrest." *See id.* "Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." *Saucier v. Katz,* 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

7. Plaintiff's opposition brief does not attempt to counter defendants' arguments on this claim.

8. Moreover, probable cause existed in this case. *See* Section II, *supra.*

9. Once again, plaintiff does not attempt to counter defendants' arguments on these claims.

do so, because she admitted in her deposition that Officer Murria did not touch her "in any way" apart from handcuffing her. Grant Tr. at 65 1.6–8.

■ The right to make an arrest accompanies with it the right to use some degree of physical coercion. *Esmont v. City of New York*, 371 F.Supp.2d 202, 214 (E.D.N.Y.2005) (quoting *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). "Frequently, a reasonable arrest involves handcuffing the suspect, and to be effective handcuffs must be tight enough to prevent the arrestee's hands from slipping out." *Id.* Plaintiff has neither alleged nor introduced any facts which suggest that she was in any way physically harmed as a result of being placed in handcuffs by Officer Murria. Accordingly, this claim too is baseless.

■ Additionally, because Grant cannot show that Officer Murria used "objectively unreasonable" force in effecting her arrest, her assault and battery claim also fails. *See, e.g., Cornett v. Brown*, No. 04 CV 0754(DGT)(LB), 2006 WL 845568 at *16 (E.D.N.Y. March 30, 2006) (citing *Lowth*, 82 F.3d at 573).[10]

## CONCLUSION

For the foregoing reasons, defendant's motion is granted. Accordingly, all of plaintiff Grant's claims are dismissed.

**SO ORDERED.**

10. Additionally, having found no wrongdoing by Officer Murria, plaintiff's negligent hiring, retention, and training claim is untenable.