24-630-cv
*Glover v. Onondaga County Sheriff's Dept*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand twenty-five.

Present:

> AMALYA L. KEARSE,
> ROBERT D. SACK,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

KELLY GLOVER,

> *Plaintiff-Appellant,*

v.                                                                              No. 24-630-cv

ONONDAGA COUNTY, THE ONONDAGA COUNTY
SHERIFF'S DEPARTMENT, DOMINICK ALBANESE,
both individually and in his official capacity as an
Onondaga County Sheriff's Deputy, and SHARON
MACDONALD, both individually and in her official
capacity as an Onondaga County Sheriff's Deputy,

> *Defendants-Appellees.* \*

_____

---

\* The Clerk of the Court is respectfully directed to amend the caption as set forth above.

For Plaintiff-Appellant:                           JEFFREY R. PARRY, ESQ., Fayetteville, NY.

For Defendants-Appellees:                          KAREN G. FELTER, Smith, Sovik, Kendrick & Sugnet, P.C., Syracuse, NY.

Appeal from a February 22, 2024 judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Kelly Glover appeals from a judgment of the district court (Hurd, *J.*) granting summary judgment to Defendants-Appellees Onondaga County ("the County"), the Onondaga County Sheriff's Department ("Sheriff's Department"), and Deputy Dominick Albanese ("Deputy Albanese") and Sergeant Sharon MacDonald ("Sergeant MacDonald") of the Sheriff's Department (collectively, "Defendants"). Glover's suit alleged a litany of claims under § 1983 and state law, including for false arrest and imprisonment, unlawful entry and seizure in violation of the Fourth Amendment, denial of due process and equal protection, conspiracy, fraud and emotional distress, all stemming from her arrest for first-degree criminal possession of a forged instrument.

On October 19, 2016, surveillance footage from inside a local Wegmans Food Market ("Wegmans") showed a woman—later identified as Glover—using two counterfeit twenty-dollar bills to purchase groceries. Deputy Albanese was dispatched to investigate the matter. After watching the surveillance video and examining the bills, Deputy Albanese was able to use the store's reward card information to obtain Glover's picture from the Department of Motor Vehicles'

2

database and identify her as the woman in the video. The following day, Deputy Albanese went to Glover's home to speak with her about the incident.

It is undisputed that Glover allowed Deputy Albanese to enter her home after he identified himself as law enforcement and, while Deputy Albanese was there, Glover admitted to being at Wegmans and purchasing groceries there at the time of the events in question. Based on the information that he had gathered, Deputy Albanese arrested Glover. At some point—the parties dispute whether it was before or after the arrest—Glover told Deputy Albanese that she had withdrawn money from an ATM inside Wegmans and used it to pay for the groceries, without knowing that two of the bills were fake.

Despite Glover's explanation, Deputy Albanese continued to process her arrest, taking her to Onondaga County's Justice Center, where Glover was subjected to a strip search and held in custody. However, while Glover was detained, Deputy Albanese continued to investigate the matter, ultimately using additional surveillance footage from Wegmans to accept Glover's story that the counterfeit bills came from the ATM. Consequently, Deputy Albanese, along with his supervisor, Sergeant MacDonald, went through the process of "unarresting" Glover and releasing her from custody, which involved Glover signing a Certificate of Release and Waiver of Claims form. Glover signed the form, was released from custody, and returned to her home at approximately 2:15 a.m. on October 21, 2016, roughly four hours after she was taken into custody. No formal criminal charges were brought against her.

On November 1, 2018, Glover filed her amended complaint against Defendants. At the close of discovery, Defendants moved for summary judgment. In response, Glover moved to compel the discovery of certain purportedly withheld documents and to delay the district court's

3

ruling on the pending motion for summary judgment. Glover's requests to compel discovery and delay ruling on the motion were denied by Magistrate Judge Andrew T. Baxter and District Judge Gary L. Sharpe, respectively, with Judge Sharpe deeming Defendants' motion for summary judgment to be unopposed. Glover moved for reconsideration as to both matters, which was also denied. The district court subsequently granted Defendants' motion for summary judgment and dismissed Glover's amended complaint.

We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I.    Procedural Rulings

On appeal, Glover challenges the denial of her request to compel discovery and the district court's decision to deem Defendants' motion for summary judgment unopposed, asserting that these decisions were contrary to Magistrate Judge Baxter's directive that Glover could respond to Defendants' motion by seeking relief under Federal Rule of Civil Procedure 56(d) and filing a cross-motion for spoliation.[1] We review the denial of a motion to compel discovery and a decision to deem a motion for summary judgment unopposed for abuse of discretion. *See First City, Texas–Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 175 (2d Cir. 1998); *Lue v. JPMorgan*

---

[1] Glover's notice of appeal provides that she is appealing "the final judgment entered in th[e] action dated February 22, 2024 and from every preceding order or decision thereof." *See* Special App'x at 1. Although the notice does not expressly mention the prior decisions denying her request to compel discovery and deeming Defendants' motion as unopposed, because "decisions relating to discovery issues normally can be reviewed effectively on appeals from final judgments," *Barrick Grp., Inc. v. Mosse*, 849 F.2d 70, 72 (2d Cir. 1988), and the parties discuss these decisions at length, we liberally construe Glover's notice of appeal as encompassing a challenge to these rulings.

4

*Chase & Co.*, 768 F. App'x 7, 9 (2d Cir. 2019) (citing *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 131 (2d Cir. 2011)). Having reviewed the record, we conclude that neither decision was an abuse of discretion.

First, prior to Defendants filing their motion for summary judgment, Magistrate Judge Baxter advised Glover that she could respond to the motion by arguing that "there should be inferences drawn in [her] favor in connection with the summary judgment motion[] based on spoliation," filing a cross-motion for spoliation, and/or making a claim under Rule 56(d) for additional time to gather information that she believed "was not obtained during the discovery process for *justifiable* reasons." App'x at 595–96 (emphasis added). Glover did not pursue these options. Rather, four months after the three-year discovery period ended, Glover sought to compel Defendants to produce documents they had previously represented no longer existed and which Magistrate Judge Baxter had previously addressed several times. Under these circumstances, it was not an abuse of discretion for Judge Baxter to deny Glover's request to compel discovery. *See Jackson v. Fed. Express*, 766 F.3d 189, 198–99 (2d Cir. 2014) (finding no abuse of discretion in the denial of a motion to reopen discovery when the appellant and her attorney had months to conduct discovery, the motion was filed after discovery concluded and the fully briefed motion for summary judgment was pending, and the appellee had represented that it did not have the requested materials).

Glover similarly cannot establish that District Judge Sharpe abused his discretion in deeming Defendants' motion for summary judgment to be unopposed instead of deferring ruling on the motion pursuant to Federal Rule of Civil Procedure 56(d). As an initial matter, we note that despite Glover's attorney assuring the district court that Glover would submit an answer to

5

Defendants' motion after obtaining an extension to respond, Glover ultimately failed to file a responsive pleading. Moreover, a "party seeking to delay resolution of a summary judgment motion on grounds that [s]he has been deprived of certain discovery materials 'must show that the material sought is germane to the defense, and that it is neither cumulative nor speculative, and a bare assertion that the evidence supporting a plaintiff's allegations is in the hands of the defendant is insufficient.'" *Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151 (2d Cir. 2016) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994)). Here, though the affidavit of her attorney asserted that Glover could not respond to the summary judgment motion without the discovery of materials such as her fingerprint records and the original statement of the Wegmans employee who reported the crime, Glover fails to explain how such items were material to her defense. That failure is further compounded by Glover's own assertion on appeal that had she been allowed to respond to the motion "with what was then available," the district court would have denied the grant of summary judgment because she would have disputed issues of material fact. Appellant's Br. at 32. Accordingly, Judge Sharpe did not abuse his discretion in deeming Defendants' motion unopposed.

## II.    Summary Judgment

Glover appeals the district court's grant of summary judgment to Defendants on her claims of false arrest and imprisonment, violation of the Fourth Amendment's prohibition against unlawful entry and unreasonable seizure, violation of her due process rights, and municipal liability against the County based on her false arrest.[2] We review a district court's grant of

---

[2] Glover raises no arguments challenging the district court's dismissal of her other asserted claims, and as such, to the extent that she has not expressly waived these additional claims, she has abandoned them. *See*

6

summary judgment *de novo*, resolving all ambiguities and drawing all inferences in the light most favorable to Glover, the non-moving party. *See Garcia v. Hartford Police Dept.*, 706 F.3d 120, 126–27 (2d Cir. 2013).

## A. False Arrest/Imprisonment and Fourth Amendment Claims

Claims of false arrest and false imprisonment are often viewed as synonymous and analyzed together. *See Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995). The elements of a false arrest claim, whether brought pursuant to 42 U.S.C. § 1983 or under New York common law, are that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Id.* (alterations adopted); *see also Hygh v. Jacobs*, 961 F.2d 359, 366 (2d Cir. 1992) ("The elements of a claim of false arrest under § 1983 are substantially the same as the elements of a false arrest claim under New York law." (internal quotation marks omitted)). Under New York law, a warrantless arrest raises a rebuttable presumption that the arrest is unlawful. *See Curry v. City of Syracuse*, 316 F.3d 324, 335 (2d Cir. 2003). However, "[t]he existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks omitted).

After determining that Deputy Albanese had probable cause to arrest Glover, the district court dismissed the false arrest/false imprisonment claim because at the time of Glover's arrest,

---

*Morrison v. Johnson*, 429 F.3d 48, 52 (2d Cir. 2005); *see also Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Deputy Albanese had confirmed her identity as the woman captured in the surveillance video purchasing groceries from Wegmans using counterfeit twenty-dollar bills. The district court also concluded that although Deputy Albanese arrested Glover without a warrant, because she had given her consent for him to enter her home and Deputy Albanese had probable cause to make the arrest, Glover could not establish a Fourth Amendment claim of unlawful entry and unreasonable seizure.

Before us, Glover argues that the district court erred in finding that there was probable cause to arrest her because Deputy Albanese lacked any evidence of the requisite knowledge or intent necessary to arrest her for criminal possession of a forged instrument under New York Penal Law section 170.30. Glover also contends that irrespective of whether probable cause existed, because she was arrested inside of her home without a warrant after unequivocally asking Deputy Albanese to leave, her arrest was unlawful pursuant to *Payton v. New York*, 445 U.S. 573 (1980).

The Supreme Court has made clear that absent consent or exigent circumstances, the Fourth Amendment prohibits law enforcement officers from making a warrantless entry into an individual's home to make an arrest. *See Payton*, 445 U.S. at 576, 590; *see also Illinois v. Rodriguez*, 497 U.S. 177, 186, 188–89 (1990). In this case, Glover testified during her deposition that upon Deputy Albanese's arrival to her home, he informed her that "he was an officer" and, because it was raining and she believed he may have been investigating a matter in the neighborhood, she "invited him in with . . . how may I help you." App'x at 74–75. Once inside her home, Deputy Albanese began to question Glover about the incident at Wegmans, to which Glover responded by offering to "go get [her] receipt from the ATM and [her] receipt for Wegmans." *Id.* at 77. According to Glover, Deputy Albanese "did not want to see them" and

8

told her that "he was arresting [her]." *Id.* At that point, "when [Deputy] Albanese did not want to see [her] receipt and [] did not seem to be investigating," Glover "asked to see his identification," and when Deputy Albanese did not proffer anything other than his badge, Glover panicked, believing that she may have let an imposter inside her home, and said to him "you need to leave right now." *Id.* at 78–79.

Glover's own description of the timing of events makes it clear that there is no genuine issue as to the fact that she voluntarily consented to Deputy Albanese entering her home and did not ask him to leave until *after* he said he was arresting her. And at the point when Deputy Albanese told Glover he was arresting her, probable cause existed for him to do so.

Probable cause to arrest exists when an officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006) (quoting *Weyant*, 101 F.3d at 852). Under New York law, "[a] person is guilty of criminal possession of a forged instrument in the first degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, [s]he utters or possesses [counterfeit or altered currency]." N.Y. Penal Law §§ 170.15, 170.30. Here, Deputy Albanese had probable cause to arrest Glover for criminal possession of a forged instrument because prior to her arrest, he had watched surveillance video capturing a woman— whom Deputy Albanese later identified as Glover—using alleged counterfeit twenty-dollar bills to purchase groceries from Wegmans; he had personally examined the dollar bills and reasonably concluded that they were counterfeit bills based on their lack of a watermark; and Glover admitted to being at Wegmans at the time of the events in question and to purchasing groceries there using

9

twenty-dollar bills. As courts within this Circuit have recognized, "the passing of a counterfeit note coupled with an identification of the person who passed the note furnishes probable cause to arrest the individual identified as passing the note" for violating the law. *Grant v. City of New York*, 500 F. Supp. 2d 211, 215 (S.D.N.Y. 2007) (quoting *United States v. Everett*, 719 F.2d 1119, 1120 (11th Cir. 1983)).

Further, despite Glover's arguments to the contrary, the existence of probable cause is not negated simply because Deputy Albanese did not have evidence of her state of mind and refused to accept her "innocent" explanation that the counterfeit bills must have come from the ATM. We have held that a police officer has probable cause to arrest even if he lacks evidence of the elements of knowledge or intent necessary to secure a conviction at trial, *see Krause v. Bennett*, 887 F.2d 362, 370–71 (2d Cir. 1989), and the law recognizes that "probable cause does not require officers to rule out a suspect's innocent explanation for suspicious facts," *Dist. of Columbia v. Wesby*, 583 U.S. 48, 61 (2018). For these reasons, the district court did not err in granting summary judgment in favor of Defendants on Glover's claims of false arrest/imprisonment and Fourth Amendment violations.

### B. Due Process Claim

Glover also argues that she was denied due process by Defendants' failure to bring her before a judge for arraignment on the evening of her arrest pursuant to section 140.20 of the New York Criminal Procedure Law. We find that Glover's claim fails as a matter of law because she can establish neither a private right of action under section 140.20 independent of a constitutional claim, *see Watson v. City of New York*, 92 F.3d 31, 36–37 (2d Cir. 1996), nor a basis for a claim that the absence of an arraignment prior to her release from custody deprived her of due process.

10

The Supreme Court has held that when a warrantless arrest is made, a judicial determination as to the existence of probable cause must be made "promptly"; the determination is generally considered prompt if made within 48 hours of the arrest. *County of Riverside v. McLaughlin*, 500 U.S. 44, 55–56 (1991). Here, the record shows that Glover had spent approximately four-and-a-half hours in the County's custody before being released with no formal charges filed against her. That Glover was released from custody within a matter of hours, and without formal charges, obviated the need for her to be arraigned and thus did not amount to a due process violation.[3]

## C. Municipal Liability Claim Based on False Arrest

Finally, Glover argues that the district court erred in dismissing her municipal liability claim against the County pursuant to *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). Glover contends that the Certificate of Release and Waiver of Claims form is evidence of the County's policy or custom of forcing wrongfully arrested individuals to waive their constitutional rights. However, to establish a claim of municipal liability under 42 U.S.C. § 1983, a plaintiff must demonstrate that she has been harmed. *See Miner v. City of Glens Falls*, 999 F.2d 655, 660 (2d Cir. 1993) (holding that a plaintiff seeking to recover under § 1983 must "demonstrate that the [alleged] constitutional deprivation caused [her] some actual injury") (quotation marks omitted). The record shows that Glover quickly signed the form without protest, so being made to sign the form did not materially extend the time she spent in custody, and neither the County nor any other

---

[3] We also note that nothing in section 140.20 mandates that a person arrested without a warrant be arraigned immediately upon their arrest, but rather provides, in relevant part, that such a person be brought before a local criminal court without unnecessary delay, and the New York Court of Appeals has interpreted a pre-arraignment delay of more than 24 hours to be unnecessary. *See People ex rel. Maxian v. Brown*, 77 N.Y.2d 422, 426–27 (1991).

11

Defendants have asserted the Certificate of Release and Waiver of Claims form as a defense against Glover's claims. Under these circumstances, Glover has not been harmed by signing the form, and thus her claim of municipal liability against the County fails.[4]

\* \* \*

We have considered the remainder of Glover's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] To the extent that Glover's municipal liability claim is based on an argument that the Certificate of Release and Waiver of Claims form is evidence of the County's policy or custom of wrongfully arresting individuals, such a claim would also fail because, for the reasons stated above, the district court properly granted summary judgment in favor of Defendants as to the false arrest and Fourth Amendment claims, and therefore, Glover cannot demonstrate a deprivation of a federal right. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012).